Filed March 9, 1889.

————————◆————————

No. 13,639.

## VICKERY ET AL. *v.* MCCORMICK.

PRACTICE.—*Evidence.—Objection to.*—An objection to evidence, to be available, must be made when a question which seems to invite improper evidence is asked, and the particular evidence and the specific grounds of objection must be fairly pointed out and stated.

SAME.—*Motion to Strike Out.*—If objectionable evidence is volunteered by a witness, or given in an answer that is not responsive to the question asked, or otherwise, before objection can reasonably be made, a motion should be made to strike out the particular matter which is considered improper.

CONTRACT.—*To Furnish Material.—Measure of Damages.*—The measure of damages for the breach of a contract to furnish lumber of a specified kind, is the difference between the contract price and the market value at the time and place of delivery fixed by the contract; but if the kind of material specified can not be had at the place of delivery agreed upon, it may be bought in the nearest market, or where it can be procured on the most advantageous terms, and the additional cost and expense charged to the defaulting vendor.

Vickery *et al. v.* McCormick.

SAME.—*Suspension of Work.*—*Damages Resulting From.*—Where goods are sold for a special purpose, and the vendor has notice that a failure to furnish them according to the contract will occasion special damage, by the suspension of important work, he is liable, in case of default, for the direct loss resulting as the natural consequence of the suspension.

From the Vanderburgh Superior Court.

*C. L. Wedding, H. C. Gooding, J. B. Handy, C. W. Armstrong* and *J. B. Cockrum,* for appellants.

*D. B. Kumler, G. W. Cooper* and *G. F. Denby,* for appellee.

MITCHELL, J.—McCormick sued Vickery, Cooper & Co. to recover damages alleged to have resulted to him on account of the failure of the defendants to comply with a written contract, by the terms of which they had agreed to deliver a large quantity of lumber to the plaintiff, at Evansville, Indiana.

It appeared that the plaintiff had · entered into a contract with the State of Indiana for the construction of a hospital for the insane at Evansville. His contract with the State required him to use a large quantity of white-oak lumber, of a certain grade and quality, in the construction of the building. The defendants agreed to supply about six hundred thousand feet of white-oak lumber, of specified dimensions, at a stipulated price, the lumber to be delivered within ninety days, and to be "free from wind-shakes, loose or black knots, and to be sound, sawed square, and full sizes." The ground of complaint was, that because of the defendants' failure to comply with their contract the plaintiff had been put to great expense in getting other lumber of the kind agreed to be furnished, and that he suffered great damage on account of being delayed in the prosecution and completion of his contract with the State. The plaintiff had a verdict for $2,286, but the court, upon consideration of the motion for a new trial, suggested that so much of the verdict as exceeded the sum of $1,270.20 was excessive. Thereupon, the

plaintiff remitted $1,015.80, and the motion for a new trial was overruled and judgment entered for $1,270.20.

Such questions as there are for decision are predicated on the ruling of the court in overruling the motion for a new trial.

On appellants' behalf it is contended that the court erred in admitting certain testimony delivered by the plaintiff in his own behalf at the trial. The testimony appears in the bill of exceptions, in narrative form. An examination of the record discloses that the plaintiff testified, in substance, that he had written and spoken to several other lumber dealers, after the defendants failed to comply with their contract, with a view of procuring the lumber, so that he might proceed with the construction of the work, but that the persons communicated with had told him that they were unable, or unwilling, to furnish the lumber. After the witness had proceeded with his testimony thus far, the record shows that the "defendants' counsel object to the recital of communications between witness and saw-mill men." There is no ground of objection stated, nor does it appear that any objection was made to any question that had been asked, or that any motion was made to strike out any particular answer. Now, while we doubt whether the evidence was in and of itself objectionable, since it tended to show that the plaintiff exercised diligence in trying to procure other lumber to supply that which the defendants failed to furnish, the record presents no question for decision. In order to make an objection to evidence available, the objection must be made when a question which seems to invite objectionable evidence is asked, and the particular evidence as well as the specific grounds of objection must be fairly pointed out and stated, or if objectionable evidence is volunteered by a witness, or given in an answer that is not responsive to the question asked, or otherwise, before objection can reasonably be made, a motion should be made to strike out the particular matter which is considered objectionable. Merely to object, in a

general way, after testimony has been delivered, because the evidence is incompetent, irrelevant and immaterial, or without fairly specifying the particular evidence objected to, or moved to be stricken out, presents no question. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196. Elliott Advo., 260–261.

Other objections of the same general character were made, and while, as in respect to that above mentioned, we discover nothing inherently objectionable in the evidence admitted, the manner in which the objections were made presents no question.

It is contended next that there is no evidence tending to sustain the verdict except such as was in the nature of hearsay evidence. It would serve no useful purpose to recapitulate the evidence. It is sufficient to say that the judgment, as it was finally entered, seems to be abundantly supported by competent proof.

The plaintiff was permitted to show the difference in the actual cost of the lumber purchased by him to supply that which the defendants failed to furnish, including the wages and travelling expenses of an agent sent out to procure and purchase the lumber.

Having given evidence tending to show that the lumber could not be obtained in the market at Evansville, it was competent for the plaintiff to prove that it was necessary for him to obtain it as he could, and, also, to show the enhanced price it cost him above what he had contracted it for, to which he was entitled to add such other loss as resulted directly from the defendants' failure to execute their agreement.

The general rule is, that a party who fails to comply with his contract to furnish goods is liable for the value of the goods in the open market at the time of the failure. But when similar goods can not be purchased in the market, the measure of damages is the actual loss sustained by the purchaser in not receiving the goods according to the contract. *Culin* v. *Woodbury Glass Works*, 108 Pa. St. 220; Field Dam., section 244.

Vickery *et al. v.* McCormick.

The true measure of damages for the breach of a contract to sell and deliver material, a part of which only is delivered, is the difference between the contract price and the market value of the material at the time and place fixed by the contract. If the articles to be delivered have no market value, or can not be had in the market where, by the contract, they were to have been delivered, they may be bought in the nearest market, or where they can be procured on the most advantageous terms, and the additional cost and expense charged to the vendor who failed to comply with his contract. *Capen* v. *De Steiger Glass Co.*, 105 Ill. 185.

Where goods are sold for a special purpose, and the vendor has notice that the failure to furnish the goods according to contract will occasion special damage, by the suspension of an important work, the purchaser is entitled to recover any direct loss which he may sustain on account of the unreasonable failure of the vendor to perform his contract. *Louisville, etc., R. R. Co.* v. *Hollerbach*, 105 Ind. 137 ; 2 Suth. Dam. 400, 401.

This may include the enhanced cost, above the contract price, of procuring the material which the vendor failed to furnish, together with the direct loss which actually resulted as the natural consequence of the suspension of the work, if suspension was the necessary and natural consequence of the failure to furnish the material. *Pennsylvania R. R. Co.* v. *Titusville, etc., Co.*, 71 Pa. St. 350.

An examination of the evidence leads to the conclusion that all damages, except the amount of the actual expense of procuring the lumber above what it would have cost had the appellants complied with their contract, were remitted, and that the judgment includes nothing for the suspension of the work, loss of time, and the like. Certainly the appellants had no ground of complaint.

There was no error.

The judgment is affirmed, with costs.

Filed March 8, 1889.