THOMPSON ET AL. *v.* STATE OF INDIANA.

[No. 23,581.   Filed January 7, 1920.   Rehearing denied March 12, 1920.]

1. CRIMINAL LAW.—*Evidence.—Conflict.*—The Supreme Court will not weigh conflicting evidence.   p. 184.

2. INTOXICATING LIQUORS.—*Joint Defendants.—Complicity.*—In a prosecution of an owner of a soft drink parlor and his servant jointly, under §8356d Burns' Supp. 1918, Acts 1917 p. 15, §4, for an illegal sale of intoxicating liquor made by the servant, it was necessary for the state to prove complicity between the defendants in order to sustain a conviction of the owner.   p. 185.

3. INTOXICATING LIQUORS.—*Owner of Place Aiding Sale.—Principals and Accessories.*—Where a person stands in such relation to a misdemeanor as would constitute him an accessory before the fact if the offense were a felony, he is regarded as a principal; hence, where an owner of a soft drink parlor aided or abetted his servant in making a sale of intoxicating liquor, in violation of §8356d Burns' Supp. 1918, Acts 1917 p. 15, §4, or where he counseled, encouraged, hired, commanded, directed or otherwise induced the servant to do any such act, he was guilty of the commission of the misdemeanor charged as a principal.   p. 185.

4. INTOXICATING LIQUORS.—*Illegal Sale.—Complicity.—Proof.—Inferences.*—In the prosecution of an owner of a soft drink parlor and his servant jointly for a sale of intoxicating liquor made by the servant, under §8356d Burns' Supp. 1918, Acts 1917 p. 15, §4, in order to show that the owner furnished the liquor, and that

he encouraged, directed, hired or commanded the servant to make the sale, it was competent to prove facts from which his participation or complicity in the act might be rightly and reasonably inferred.  p. 185.

5.   INTOXICATING LIQUORS.—*Illegal Sale.—Sale by Servant.—Complicity of Master.—Inference.*—The complicity of the owner of a soft drink parlor in an illegal sale of liquor, made in violation of §8356d Burns' Supp. 1918, Acts 1917 p. 15, §4, could be reasonably inferred from facts showing that he kept whisky concealed in or about his place of business which he and the servant both sold from time to time in connection with the business there conducted.  p. 186.

6.   INTOXICATING LIQUORS.—*Illegal Sale.—Sale by Servant.*—A person who keeps a place where intoxicating liquors are sold in violation of law is guilty of the offense defined by §8356t Burns' Supp. 1918, Acts 1917 p. 15, §20, and every sale made in such place, whether made by the owner or by his servant or agent constitutes a distinct and separate offense under §8356d Burns' Supp. 1918, Acts 1917 p. 15, §4.  p. 186.

7.   INTOXICATING LIQUORS.—*Illegal Sale.—Sale by Servant.—Master's Liability.*—Where a person owns or operates a place for the sale of intoxicating liquors in violation of §8356t Burns' Supp, 1918, Acts 1917 p. 15, §20, any request, direction or command of such person to his servant authorizing the latter to sell any of such liquor kept therein renders the former criminally liable for every sale made, even though made in his absence and without his knowledge. since all such sales are forbidden by statute.  (*Boos* v. *State*, 181 Ind. 562, distinguished.)   p. 186.

8.   CRIMINAL LAW.—*Evidence of Other Crimes.—Admissibility.*— In a prosecution of a master and his servant jointly, under §8356d Burns' Supp. 1918, Acts 1917 p. 15, §4, for a sale of intoxicating liquor made by the servant, evidence that whisky was found in a room connected with the master's place of business and that other sales were made by each of the defendants was admissible as against the master to prove that he authorized, commanded or directed the specific sale charged.  pp. 187, 188.

9.   CRIMINAL LAW.—*Evidence.—Other Criminal Acts.—Admissibility.*—It is error to admit evidence of other criminal acts committed by the defendant on the theory that the commission thereof shows such a state of mental or moral depravity in the defendant as to indicate that he committed the crime charged or as to render the commission of that crime more probable.  p. 188.

10.   CRIMINAL LAW.—*Appeal.—Evidence.—Limiting Application.— Request for Instruction.*—In the trial of two defendants jointly, where certain evidence introduced was competent as against only

one of the defendants, the other may not complain of the admission of such evidence in the absence of a request to the trial court for an instruction limiting its application. p. 189.

From Vanderburgh Circuit Court; *Philip C. Gould,* Judge.

Prosecution by the State of Indiana against Charles Thompson and Joe Willingham. From a judgment of conviction, the defendants appeal. *Affirmed.*

*W. D. Hardy,* for appellant.

*Ele Stansbury,* Attorney-General, *A. B. Cronk* and *Dale F. Stansbury,* for the state.

LAIRY, J.—Appellant Charles Thompson and his co-appellant, Joe Willingham, were jointly charged with making a specific sale of one-half pint of whisky to Earl McArter on January 22, 1919, in Vanderburgh county, Indiana. The facts stated in the affidavit charge the offense first defined by §8356d Burns' Supp. 1918, Acts 1917 p. 15, §4. A trial by jury resulted in a verdict finding both of the defendants guilty as charged. The court overruled the separate motion of each of the defendants for a new trial, and this ruling is assigned as error by each of appellants.

The evidence shows that appellant Thompson was engaged in the business of conducting a soft drink parlor at Nos. 204 and 206 Water street in Evansville, Indiana, and that his codefendant was employed by him in his place of business.

Earl McArter testified on behalf of the state that on the day stated in the affidavit she purchased from appellant Willingham at the place of business 1. of appellant Thompson one-half pint of whisky for the price of one dollar. This evidence is disputed by Willingham, who is corroborated

by other witnesses. As this court cannot weigh conflicting evidence, the testimony of the witness Mc-Arter must be regarded as sufficient to sustain a verdict finding Willingham guilty; but such evidence standing alone would not have been sufficient to justify a conviction of appellant Thompson, who, as shown by the testimony of the witness McArter, was not present at his place of business at the time the sale was made. *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117.

In order to sustain a conviction against appellant Thompson it was necessary for the state to prove complicity between him and his servant, Willingham, in the illegal sale made by the latter. If appellant aided or abetted his servant in doing the unlawful acts which constituted the misdemeanor charged, or if he counseled, encouraged, hired, commanded, directed, or otherwise induced him to do such act, he is guilty of the commission of the misdemeanor charged as a principal. The authorities concur in holding that in misdemeanors there are no accessories either in name or in the order of the prosecution. When a person stands in such relation to a misdemeanor as would constitute him an accessory before the fact if the offense were a felony, he is regarded as a principal and punished as such. 1 Bishop, New Criminal Law (8th ed.) §685; *Stratton* v. *State* (1874), 45 Ind. 468; §2095 Burns 1914, §1788 R. S. 1881.

For the purpose of showing that the appellant Thompson furnished the whisky, the sale of which by his servant constituted the *corpus delicti* of the offense charged, and that he encouraged, directed, hired, or commanded his servant to

make the sale in question, it was competent to prove a state of facts and circumstances from which his participation or complicity in the sale by his servant might be rightly and reasonably inferred. There can be little doubt that the complicity of Thompson in the illegal sale made by his servant as charged in the affidavit could be reasonably inferred from facts showing that he kept whisky concealed in or about his place of business which he and his servant both sold from time to time in connection with the business there conducted.

A person who keeps a place where intoxicating liquors are sold in violation of law is guilty of the offense defined by §8356t Burns' Supp. 1918, Acts 1917 p. 15, §20, and every sale made in such a place, whether made by the owner or manager of the place or by his servant or agent, constituted a distinct and separate offense under the provisions of §8356d Burns' Supp. 1918, *supra.*

Any request, direction, or command given by the owner or operator of such a place to a servant employed therein authorizing such servant to sell any of the intoxicating liquor so kept would render the master criminally liable for every sale so made, even though the particular sale was made in his absence and without his knowledge. All sales of intoxicating liquors so made are forbidden by statute; and, for this reason, any authority to make such sales conferred by the owner or operator of such a place on a servant employed therein must be regarded as a command or request to make an unlawful sale. For the reasons stated, cases arising under the sections of the statute cited must be distinguished from the case of *Boos* v. *State, supra,* and

the cases there cited. In that case it was held that the owner of a saloon operating under a license to sell intoxicating liquors with certain restrictions imposed by statute was not criminally responsible for a sale unlawfully made by his bartender in his absence and without his express authority. The case cited was decided under a statute which conferred on a person operating a saloon under a license the right to make legal sales of intoxicating liquors, and it was held that general authority to sell such liquor in the conduct of the business conferred by the master on his servant extended only to the making of such sales as were not forbidden by statute, and that such general authority would not be regarded as amounting to a direction or command to make unlawful sales. It is apparent that the reason which underlies the decision in that case can have no application to the case at bar.

For the purpose of showing complicity on the part of appellant in the illegal sale made by his servant, the state was permitted to show that on August 13 preceding the date of the sale charged in the affidavit the police of the city of Evansville searched the place of business kept by appellant Thompson, and that a quantity of whisky was found in a room operated by appellant Thompson over his place of business and connected therewith by a stairway. It was also shown that several sales of whisky had been made by Thompson in the room over his place of business, and that several such sales had been made by Willingham in the rear part of the place of business, the last of which was during the week of Christmas preceding the sale charged. Each of the defendants excepted separately to the introduction of evidence of this character on the ground that its

tendency was to prove separate and distinct misdemeanors with which they were not charged in the affidavit, and that such evidence was not competent to prove the commission of the act constituting the offense so charged. The ruling of the court by which such evidence was admitted was assigned as a cause for a new trial and is properly presented for review in this court.

It is well settled that it is error to admit evidence of other criminal acts committed by a defendant on the theory that the commission of such acts shows such a state of mental or moral depravity in the defendant as to indicate that he committed the crime charged or as to render the commission of that crime more probable. *Kahn* v. *State* (1914), 182 Ind. 1, 105 N. E. 385; *Todd* v. *State* (1869), 31 Ind. 514; *Clevenger* v. *State* (1919), 188 Ind. 592, 125 N. E. 41.

If the defendants had been tried separately, evidence of the character under consideration would not have been admissible in the trial of Willingham, and its admission would have constituted reversible error. *Lebkovitz* v. *State* (1887), 113 Ind. 26, 14 N. E. 363, 597; *Rock* v. *State* (1916), 185 Ind. 51, 110 N. E. 212. Such evidence, however, would have been admissible in the separate trial of Thompson for the purpose of proving that he authorized, commanded, or directed Willingham to make the illegal sale on which the state relied for conviction. The appellants in this case were tried at the same time; and, the evidence in question being competent as against Thompson, the court did not err in admitting it.

It would have been proper for the court to have

NOVEMBER TERM, 1919.    189

Baldwin, etc., Works *v.* Edward Hines Lumber Co.—189 Ind. 189.

limited the application of the evidence in question by
an instruction informing the jury that such evi-
10.  dence could not be considered for any purpose
in determining the guilt or innocence of the
defendant Willingham, and that, as to the defendant
Thompson, it could be considered only as bearing on
the question of his complicity in the sale made by
Willingham in case it found beyond a reasonable
doubt from other evidence that such sale was made.
*Clevenger* v. *State, supra.*  As no such instruction
was requested, neither of the appellants are in a posi-
tion to complain.

Finding no reversible error, the judgment is af-
firmed.