EPPERSON *v.* STATE OF INDIANA.

[No. 26,607. Filed February 22, 1937.]

*William D. Hardy,* for appellant.

*Winfield K. Denton,* Prosecuting Attorney, *Philip Lutz, Jr.,* Attorney-General, *Warren W. Martin* and *Caleb J. Lindsey,* Assistant Attorneys-General, for the State.

ROLL, J.—This was a prosecution by appellee against appellant and others, begun by affidavit in one count filed in the Vanderburgh Circuit Court and charged appellant and his co-defendants with the crime of kidnapping, under §10-2901 Burns' Ind. St. Ann. 1933, §2418 Baldwin's 1934. Appellant entered a plea of not guilty, and there was a trial by jury and a verdict of guilty returned. The appellant filed his motion for a new trial which the court overruled, which ruling is the only error assigned on appeal. The reasons assigned for a new trial are: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) the court erred in overruling the motion of appellant to strike out the testimony of Harrison Hammers; (4), (5), and (6) relate to the court's instructions No. 2, 9, and 10.

The affidavit charged that Ramon Epperson, William Cox, and Frank Harrison on or about the third day of September, 1934, did then and there feloniously, fraudulently, and forcibly, arrest, imprison, carry off, decoy, and kidnap one Joe Mitchell from his place of residence in said county, with felonious intentions then and there and thereby carrying off the said Joe Mitchell from his place of residence and said acts were not then and there done pursuant to the laws of the State of Indiana or the United States, etc.

The evidence is uncontradicted and undisputed, as appellant did not testify in his own behalf nor did he introduce any evidence whatever.

The evidence on behalf of the State is in substance as follows: That Joe Mitchell testified that on the night of September 3, 1934, he was a driver for the Yellow Cab Company in the city of Evansville, Indiana; that about one forty-five o'clock in the morning on said date he drove a passenger to the L. & N. Railroad station, and when he arrived at the station he got out and carried the passenger's baggage into the depot, and when he came out he saw appellant and two other persons (afterwards identified as Frank Harrison and William Cox) sitting in the back seat of the cab. They requested him to drive them to Fourth and Locust streets to get some liquor; that when they arrived at this point they asked him where they could find some liquor, to which he replied that he would take them to a place on Ninth street where they could get liquor; that when he got to Eighth street they said they wanted to go to Washington Avenue. Mitchell drove them to Washington Avenue, and on east past the lights, and as they crossed Evans Avenue appellant said to Mitchell, "This is a stickup. Keep your hands high on the wheel and step on it." That he drove to New Green River Road and turned right and after he turned off Washington Avenue about 200 feet Frank Harrison took the wheel. Appellant held a gun on him all the time, and after Harrison took the wheel he was told to keep his head out of the window. The witness described the route over which Harrison drove to where they stopped near Slaughter Avenue. When they stopped appellant ordered him out of the car and held a gun on him until Harrison got out; then Harrison held a gun on him until appellant got out. They took him about thirty feet back of the cab into a corn field and took about eighteen dollars in money off his person, tied his hands behind him, tied his feet together, and then tied his hands and feet together with insulated copper wire, and left him bound in the condi-

tion just described. Appellant and Harrison got in the cab and drove off with the cab. After about ten minutes he succeeded in freeing himself and afterwards his cab was found on Pennsylvania street near Mary street. William Cox got in the driver's seat when we got out and he drove the cab away when appellant and Harrison returned. Frank Harrison and William Cox testified for the State. Their evidence was in substance the same as that of Joe Mitchell.

Lloyd Rhodes testified that he was a driver for the Yellow Taxicab Company, and that on September 1, 1934, about midnight, he got out of his cab at the corner of Lincoln and Governor streets and went over to a post to a phone, and when he returned, Frank Harrison and another person whom he described and who was in his opinion the appellant, were sitting in his car. He related the facts as to how he was forced at the point of a gun to drive out in the country and was robbed and his hands tied behind him, his feet tied together and then his hands and feet tied together with insulated copper wire, and left in much the same way as was Joe Mitchell.

William Redman, a driver for the Checker Cab Company, testified that on the night of August 25, 1934, appellant got in his car, and he was forced to drive as directed to the country, that his money was taken from him and he was forced to lie down on the ground, and his hands and feet were tied in the same manner as related above with insulated copper wire.

Harrison Hammers testified that on the night of August 30, 1934, he was employed by the Southern Indiana Gas and Electric Company as a street car conductor and motorman. That on the said night he was on the inbound Bellemeade car and stopped at Vann Avenue and Bellemeade and picked up two passengers. One was appellant and the other identified by his height and build as Frank Harrison. That he

was forced out of the car at the point of a gun, his money taken from him, that he was taken forty or fifty yards away from the car and tied in the same manner as heretofore described, and with insulated copper wire. All of the above evidence was admitted without objections on the part of appellant. After the witness Harrison Hammers testified as above stated appellant's counsel made the following motion:

> "If the court please, the defendant moves to strike out the testimony of the witness because the testimony doesn't relate to the charges made in this affidavit and doesn't tend to prove or disprove any of the issues in this case."

This motion was overruled, and exceptions reserved by appellant and this ruling is assigned as a reason in appellant's motion for a new trial. Without deciding whether the above evidence was competent and proper, no objection having been made, appellant cannot sit by and permit the evidence to be introduced, even though it is improper, and take the chance that it will be favorable to him, and then move to strike it out, if it is not favorable. It is well settled that when evidence is admitted without objection, a subsequent motion to strike it out comes too late. *Brown* v. *Owen* (1884), 94 Ind. 31; *Cleveland C. C. & I. Ry. Co.* v. *Wynant* (1893), 134 Ind. 681, 34 N. E. 569; *Ginn* v. *State* (1903), 161 Ind. 292, 68 N. E. 294.

Appellant first contends that the verdict is not sustained by sufficient evidence because there was no evidence of an arrest and imprisonment. We think it sufficient to say that the affidavit charged that appellant did feloniously, fraudulently and forcibly arrest, imprison, carry off, decoy and kidnap one Joe Mitchell, and even though the evidence does not show an arrest as this word is usually understood, yet the evidence is overwhelming that appellant did decoy,

and carry off, Joe Mitchell in violation of law. We think the evidence sufficient to support the verdict.

Appellant also urges the insufficiency of the evidence for the reason that the evidence does not show that Joe Mitchell was carried from any "place." He contends that a moving vehicle is not "any place."

We cannot agree with the appellant on this proposition. It is clear that Joe Mitchell was decoyed under the pretense of appellant being a good faith passenger, and under such pretense he was decoyed from the L. & N. depot to the place on Washington Avenue, and from there he was forced at the point of a gun to drive to the place where he was robbed and tied. Certainly, the fact that he was in an automobile could not be any different than if he had been forced to walk, or had been transported by and in a vehicle owned and operated by appellant. We see no merit in appellant's proposition. See *Cox* v. *State* (1932), 203 Ind. 544, 177 N. E. 898.

Appellant questions the court's instructions 9 and 10. These instructions are as follows:

No. 9. "The essence of the crime of kidnapping consists of the carrying off of a person from any place within this state, such carrying off not being in pursuance of law."

No. 10. "In order to constitute such offense, it is not necessary that the kidnapping be for the purpose of collecting a ransom since kidnapping for ransom is defined by law as a separate offense under the law of Indiana. Therefore, one who under coercion with a gun or other deadly weapon unlawfully compels another to move from one point in the State of Indiana to another, unless in pursuance of the laws of this state or of the United States, is guilty of kidnapping."

In instruction No. 9, appellant says that the element of force and fraud is omitted, but that element is emphasized in instruction No. 10, and also in other instructions given.

Appellant also criticizes the use of the word "essence" used in the ninth instruction. The legal idea intended to be conveyed to the jury by this instruction might have been couched in more appropriate phrases, but we do not think it could be said that appellant's substantial rights have been denied him by this instruction. We do not think that the giving of instruction No. 9 demands a reversal of the case.

In instruction No. 10, appellants says the use of the word "point," instead of the word "place" as used in the statute, renders the instruction erroneous. That a point has neither parts nor magnitude but only position, while a place is some definite area, separated and distinct from other space or ground. We cannot think counsel for appellant could be serious in urging this position. While there might be a difference between a point and a place, the use of the word point in the above instruction could not have misled the jury in any sense whatever.

Appellant has waived his objection to instruction No. 2 by his failure to point out its defects under his propositions, points and authorities.

We find no reversible error in the record.

Judgment affirmed.