## PEACHEE v. STATE OF INDIANA

[No. 27,238.   Filed October 23, 1939.]

*Seal & Seal,* and *Carl L. Chattin,* for appellant.

*Omer S. Jackson,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for the State.

SWAIM, J.—This is an appeal from a conviction of appellant of assault and battery with intent to rape. The appellant assigns error (1) in overruling appellant's motion to dismiss the action, and (2) in overruling appellant's motion for a new trial.

At the close of the state's evidence the appellant moved the court to dismiss the action. Liberally construed the motion to dismiss could be considered a motion for a directed verdict. By proceeding to present his evidence, however, the appellant waived any possible error of the court in overruling the

motion. *Bowen* v. *State* (1920), 189 Ind. 644, 128 N. E. 926. The appellant has also waived our consideration of this question by failing to include any discussion thereof in his brief. Rule 18 of the Supreme Court; *Slaughter* v. *State* (1936), 209 Ind. 658, 199 N. E. 244.

Even if the appellant had not waived any possible error based on the action of the court in overruling such motion such error could only be saved by including it as a cause for a new trial; it is not a proper separate assignment. § 9-1903 Burns 1933; § 2310 Baldwin's 1934; *Bowen* v. *State, supra.*

The only two grounds for a new trial properly presented questions (a) the sufficiency of the evidence to sustain the verdict and (b) the admissibility of certain evidence.

The uncontradicted evidence shows that the appellant was guilty of assault and battery upon the prosecuting witness. The appellant insists, however, that there was no evidence on which the jury could properly find him guilty of the felonious intent charged in the affidavit.

The state is not required to make proof of felonious intent, as a fact, by direct and positive evidence. The state is only required to produce such evidence as will satisfy the jury beyond a reasonable doubt that the assault and battery was committed by the defendant with the felonious intent charged in the affidavit. *Padgett* v. *The State* (1885), 103 Ind. 550, 3 N. E. 377.

In considering whether the verdict of the jury is sustained by sufficient evidence we can consider only the evidence tending to support the verdict, with the reasonable inferences which may properly be drawn therefrom, and cannot give credence to any evidence contradictory thereto. *Schaffer* v. *State* (1930), 202 Ind. 318, 327, 173 N. E. 229.

The evidence in the instant case discloses that the appellant went to the home of the prosecuting witness between one and two o'clock in the morning. He knocked on the door until he aroused the sister of the prosecuting witness who in turn awakened the prosecuting witness. The appellant told them that their niece wanted the prosecuting witness down at the Telephone Exchange where she (the niece) worked and lived. He told them he thought it was about the niece's baby. All of his story, he admitted, was false and was told for the purpose of getting the prosecuting witness out of her home and by herself. She told the defendant to leave but he waited until she was dressed and they then left her house together. Before they had gone very far the appellant started to put both his arms around her. She told him to quit but he "kept getting worse." He grabbed her and tried to stop her but she broke away from him. He placed his body against her as they walked along. He again caught hold of her. She fought loose from him and began to call for help and run. Again he caught up with her, grabbed hold of her clothing, put his arms around her and pulled her body up to his own. These attacks were repeated three or four times between her home and the Exchange Building. After they left her house he talked so low she could not understand anything he said. When they were in front of the school house he tried to put her up against the wall which is around the school yard and also tried to push her up against trees. Each time the appellant grabbed her the prosecuting witness pushed against his face and chest to break loose and would then run and call for help.

Two witnesses living between the home of the prosecuting witness and the Exchange Building heard screams

and some one passing along the street at about the time these attacks were taking place.

When the prosecuting witness arrived at the Exchange Building she was hysterical and "as white as a sheet."

On the above evidence we cannot say as a matter of law that the jury were not justified in finding that the assault and battery was committed by the appellant with the felonious intent as charged in the affidavit. As was said by this court in the case of *Ginter* v. *State* (1920), 189 Ind. 672, 676, 128 N. E. 834:

> "It seems that twelve average men believed it, and that a thirteenth one, the trial judge, experienced in law and in weighing evidence, by overruling a motion for a new trial, found that the twelve were not unreasonable in believing it. * * * Counsel's argument here would have great force before a jury; and before the trial court when motion for a new trial was being passed upon. The reason that we cannot overthrow the action of a jury and the trial court is because we know that words spoken by the witnesses are not the sole things that carry conviction. There is an indefinable something in a human being called personality. Words spoken by one witness carry conviction to the minds of the jurors and the court, while the same words spoken by another witness have the opposite effect.
>
> "We realize that the charge of rape is sometimes easy to make and hard to disprove; but, even if the jury is misled by passion and prejudice, we must presume that the trial judge, who passed upon a motion for a new trial, carefully considered the evidence to determine whether the jurors could reasonably have found as they did."

As to the second properly presented ground for the motion for new trial, the niece of prosecuting witness in answer to the question, "You recall about what time it was?" proceeded to relate the entire circumstances surrounding the arrival of her aunt

at the Exchange Building on the night in question. In the midst of her narrative counsel for the defendant made the following objection: "The defendant objects as to any conversation that took place outside of the presence of the defendant." This objection was over-ruled by the court and the witness then proceeded with her narrative, including therein certain statements her aunt had made relative to the acts of the appellant. There was no motion by defendant's counsel to strike out that part of the statement of the witness which was not responsive to the question and which constituted hearsay. Since the question was not objectionable and since the only part of the answer to which appellant objects was not responsive to the question but was purely voluntary on the part of the witness, the remedy of appellant was a motion to strike out such objectionable part. *Vickery* v. *McCormick* (1888), 117 Ind. 594, 596, 20 N. E. 495; *Lankford* v. *State* (1895), 144 Ind. 428, 432, 43 N. E. 444; *Diamond Block Coal Co.* v. *Cuthbertson* (1905), 166 Ind. 290, 315, 76 N. E. 1060. Since the appellant failed to move to strike out the objectionable statement volunteered by the witness, he waived his right to present for our consideration any error predicated on the admission of the testimony which he now contends is objectionable.

Having found no reversible error, the judgment is affirmed.