BROWN *v.* STATE OF INDIANA.

[No. 28,895.   Filed April 23, 1953.]

*Howard R. Hooper*, of Indianapolis, for appellant.

*J. Emmett McManamon*, Attorney General, *John Ready O'Connor* and *William T. McClain*, Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant, with two other persons, was charged by affidavit with the crime of kidnaping under §1, of ch. 154, p. 477, of the Acts of 1929, being §10-2901, Burns' 1942 Replacement, tried separately by jury, found guilty and sentenced to the Indiana State Prison for life.

Three questions are presented by the appeal and all will be considered because the two which are not determinative of the result reached herein are likely to arise on a retrial of the case.

1. Is the evidence sufficient to sustain a conviction for kidnaping?

2. Did the trial court err in admitting in evidence a purported signed statement or confession by appellant, made and signed in the presence of police officers?

3. Was it error to permit that part of such purported statement or confession containing statements pertaining to other crimes committed by appellant to be read to the jury?

We shall consider these questions in the order named.

*First:* The relevant part of Count 1 of the affidavit upon which appellant was convicted is as follows:

". . . HOWARD HYSLOPE who, being duly sworn, upon his oath says that JOE E. BROWN, GILBERT HALL and HAROLD WILLIAMS on or about the 19th day of June, A.D. 1951, at and in the County of Marion in the State of Indiana, did then and there feloniously, fraudulently and forcibly carry away, decoy and kidnap the following persons, namely: Donald Borgman, Louise Borgman and Michael Borgman from the residence of the said Donald Borgman, Louise Borgman and Michael Borgman, located at the address commonly known as 611 South Taft Street, in the City of Indianapolis, in the said County of Marion, in the said State of Indiana, with the felonious intention then and there and thereby of carrying the said Donald Borgman, Louise Borgman, and Michael Borgman away from their said place of residence, and said acts were not then and there done in pursuance of the laws of the State of Indiana or of the United States,".

Section 10-2901, Burns' 1942 Replacement, *supra*, provides as follows:

"Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried away from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnaping, and, on conviction, shall be imprisoned in the state prison during life."

There is conflict in the evidence and when this is true this court will not weigh the evidence.

There is evidence in the record which discloses that appellant, at the time of his arrest, was escaping from the Indiana Reformatory; and that he and the other two men charged with him in the affidavit were returning from Terre Haute, Indiana, in the evening of June 19, 1951 when state police intercepted them in Plainfield, Indiana, and chased them toward Indianap-

olis. They out-distanced the police car and ran out of gasoline on the west side of Indianapolis where they stopped in front of Borgman's residence at 611 South Taft Street. Borgman, with his wife and three year old son, was coming through the gate in front of his home to get into his car, which was parked in front of his house, to go to a show when the car in which appellant and Hall and Williams (the other persons charged with appellant) were riding, pulled up beside them. Appellant and his companions jumped out of the car in which they had been riding, and ran up to Borgman asking him whether he had any gasoline. Borgman "stalled for a second" then either Hall or Williams put his fist in Borgman's ribs and said: "Get in the automobile. We are going for a ride—get in the automobile or I will cut you to pieces." They (Borgmans) got in the car and appellant took the seat under the steering wheel and demanded that Borgman give him the key. Hall and Williams sat in the rear seat, with appellant and the Borgmans in the front seat. Appellant started and drove the car at a high rate of speed into the city, finally stopping in the vicinity of 16th and Northwestern Avenue in Indianapolis where he and his companions abandoned the car and the Borgmans. During the ride Borgman "begged" appellant and his companions to let them out of the car and not harm them.

To sustain the conviction herein, it was necessary for the state to establish by competent evidence that appellant forcibly carried away the persons named in the affidavit from a place within the state, with the intent so to do, and not in pursuance of the laws of the state of Indiana or of the United States.

There is sufficient evidence as recited above from which the jury might have concluded that the persons

as named in the affidavit were forced to get into Borgman's automobile in which they were carried, against their will, away from a place where they had a right to be.

There is also sufficient evidence of probative value from which the jury might have concluded that appellant, with intent so to do, forced the persons named in the indictment into an automobile and drove them against their will away from their place of residence, not in pursuance of the laws of this state or of the United States. This is sufficient to constitute the crime of kidnaping as defined in §10-2901, Burns' 1942 Replacement, *supra*. *Epperson* v. *State* (1937), 211 Ind. 237, 6 N. E. 2d 538; *Thompson* v. *State* (1939), 215 Ind. 129, 19 N. E. 2d 165; *Sweet* v. *State* (1941), 218 Ind. 182, 31 N. E. 2d 993; *State* v. *Autheman* (1929), 47 Idaho 328, 274 Pac. 805, 62 A. L. R. 195; *State* v. *Higgs* (1930), 325 Mo. 704, 29 S. W. 2d 74; *State* v. *Andre* (1938), 195 Wash. 221, 80 P. 2d 553; *Norris* v. *State* (1939), 68 Okl. Cr. 172, 96 P. 2d 540; *Wheatley* v. *United States* (1946), 159 F. 2d 599.

See also: Annotation, 17 A. L. R. 2d 1003.

Appellant testified, and here asserts, that because he did not intend to kidnap the Borgmans, but was thinking only of taking the automobile as a means of escaping arrest and return to the reformatory, his conviction for kidnaping cannot be sustained.

The intent to carry away may be inferred from appellant's acts, and the evidence here is sufficient to sustain such an inference. *Newport* v. *State* (1895), 140 Ind. 299, 39 N. E. 926; *Fletcher* v. *State* (1874), 49 Ind. 124, 126, 19 Am. Rep. 673; Ewbank's Criminal Law, 2d ed., §902, p. 689.

See also: *Walker* v. *State* (1894), 136 Ind. 663, 36 N. E. 356; *Larkin* v. *State* (1904), 163 Ind. 375, 71

N. E. 959; *King* v. *State* (1918), 187 Ind. 220, 118 N. E. 809.

*Second:* Appellant asserts that it was error to admit a purported statement or confession made by him and introduced in evidence as State's Exhibit 1 because it was not voluntarily made but was "exacted by promises and coercion, direct or implied."

At the hearing on appellant's motion to suppress said statement or confession, he testified that Detective Davenport told him that if he would "cop out of it" he would fix it up so that appellant would get ten years flat, and would drop the rest of the charge against him; that at that time he thought the only charge against him was escaping from the Indiana State Reformatory, but Davenport told him that he was being held for kidnaping; that the next day he was again taken from the Marion County jail to police headquarters in Indianapolis where Detective Rogers told him that he might as well "cop out"; that they knew he was held on a kidnaping charge but if he would sign a confession the charge of escaping from the reformatory would be dropped and he would get a ten year sentence on the kidnaping charge; that he was afraid of going back to the reformatory where he would have seventeen years to serve; and he signed the statement or confession because Detectives Davenport, Rogers and Hyslope told him that they could arrange it so that he would not be returned to the reformatory but the ten year sentence he would get for kidnaping would cover the seventeen years at the reformatory, otherwise he would not have signed the confession.

Detective Hyslope, a witness for the state and one of the detectives who appellant claims made the promises mentioned above, testified that no promise of a

ten year sentence for the kidnaping charge was made to appellant; and that the only promise made by the police in connection with said statement was that when the time came for him to appear before the court or jury they would say that he had cooperated.

Detective Davenport, a witness for the state and another of the detectives who is alleged to have made promises to appellant, testified that the nearest thing to a promise made to appellant was that if he would take the stand against the other defendants the police would not object to anything the court wanted to do. This witness further testified, in response to questions by the court, that they insisted that appellant read the statement and that he listen while they read it to him, and further that they told appellant he did not have to sign the statement unless he so desired; and that appellant was told that the statement would be used against him if he signed it.

▪ It appears from the evidence as above recited, that the confession of appellant was made under inducement.

"Confessions and admissions made voluntarily, or under inducements other than fear produced by physical violence, threats, intimidation or undue influence are admissible in evidence." *Mack* v. *State* (1932), 203 Ind. 355, 372, 180 N. E. 279, 83 A. L. R. 1349; *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549; *Eiffe* v. *State* (1948), 226 Ind. 57, 77 N. E. 2d 750; Acts 1905, ch. 169, §239, p. 584, §9-1607, Burns' 1942 Replacement.

See also: *Anderson* v. *State* (1933), 205 Ind. 607, 186 N. E. 316.

There is no evidence here that appellant's statement or confession was made under the influence of fear produced by physical violence, threats, intimidation or

undue influence, and its admission in evidence was not error.

The evidence here is sufficient to support the court's ruling, and it was not error to admit appellant's statement or confession in evidence.

*Third:* Appellant's confession, after relating circumstances in connection with the crime with which he is charged herein, contains statements of other acts constituting crimes in which he had participated and which had no relation to, or bearing upon, the crime charged in the affidavit upon which he was tried and convicted.

After appellant, in his statement, had related the circumstances surrounding the crime with which he is here charged, he was asked by the police officer to whom he made the statement, "Have you committed any other crimes that you care to tell us about at this time?" Whereupon appellant recited five different robberies in which he had participated between May 18, 1951, when he escaped from the Indiana Reformatory, and June 19, 1951, the date of his arrest. This part of appellant's statement was read to the jury by the Deputy Prosecuting Attorney over a timely and proper objection by the attorney for appellant.

This was clearly evidence of collateral offenses with which appellant had not even been charged. It had no legal bearing on the crime for which appellant was on trial; it did not prove intent, motive, guilty knowledge, identity, capacity, or any other element which might have been material to the issues then before the court. This evidence was inadmissible. *Fehlman* v. *State* (1928), 199 Ind. 746, 753, 161 N. E. 8; *Thompson* v. *State* (1920), 189 Ind. 182, 188, 125 N. E. 641.

The question then arises: Is that part of the confession which relates and pertains wholly and exclu-

sively to the crime for which appellant was on ▪ trial admissible if separable from that part which is inadmissible? The authorities are in conflict on this question,[1] but Indiana has followed the rule that if the part of the confession bearing upon the issue can be separated from the part relating to other offenses, that part material to the issues, and that part only, may be admitted. *Mack* v. *State* (1932), 203 Ind. 355, 374, 180 N. E. 279, 83 A. L. R. 1349, *supra.*

The relevant and material part of appellant's confession was properly admitted. However, that part of such statement or confession is so clearly sep- ▪ arable from that which related to and pertains wholly to offenses other than the one for which appellant was on trial, that we are forced to the conclusion that the trial court erred in permitting the deputy prosecuting attorney to read to the jury that part of appellant's statement or confession relating and pertaining to offenses other than that for which he was on trial. The fact that in this case the trial court instructed the jury that they should not consider admissions of other crimes by appellant as having any bearing upon the crime of kidnaping as charged in the affidavit, and that such admissions should not be taken into consideration with the charges contained in the first count of the affidavit, did not correct the error. Because of this error the judgment of the trial court must be reversed.

Judgment is reversed with instructions to sustain appellant's motion for a new trial.

Judgment reversed.

NOTE.—Reported in 111 N. E. 2d 808.

---

1. See: 20 Am. Jur., Evidence, §489, p. 426, for statement of general rule.