MUSIC *v.* STATE OF INDIANA.

[No. 29,707. Filed October 15, 1959.]

*Claude Cline,* of Huntington, for appellant.

*Edwin K. Steers,* Attorney General, *Merl M. Wall,* Assistant Attorney General, and *Edward J. Roush,* Prosecuting Attorney, 56th Judicial Circuit, for appellee.

LANDIS, J.—Appellant was convicted after a jury trial of driving a motor vehicle while under the influence of

intoxicating liquor, second offense, and was fined $100.00 and sentenced to 90 days imprisonment in the Indiana State Farm. He appeals from the judgment.

Appellant contends the verdict is not sustained by sufficient evidence and urges

   (1)   there is not creditable evidence that appellant drove a motor vehicle while under the influence of liquor,
   (2)   there was insufficient evidence that appellant was previously convicted of said offense as charged.

The evidence favorable to appellee (The State) shows that one Roy Thrift and wife, the occupants of a car coming from the opposite direction observed appellant's automobile as it proceeded north on State Road 105 at 10:00 o'clock at night. Shortly after the passing, appellant's car went into the ditch and Thrift and his wife stopped their car and went back to the scene. Appellant's car was found to be leaning against some tree stumps where it had come to rest. Appellant and another man were in the car and witness Thrift opened the car door and smelled the odor of alcohol.

Police officers were summoned to the scene, gave appellant the "finger to nose" test for intoxication, which he failed to pass, and noticed that he swayed considerably when he walked. Officers testified appellant's eyes were red and bloodshot, that his breath smelled of alcohol, and that in their opinion he was under the influence of liquor.

William Amick, an occupant of appellant's car, testified for the state that he and appellant had been drinking beer at a tavern prior to the accident, and also that appellant was driving at the time of the accident.

Appellant's counsel at the trial entered into a stipulation with the state that appellant was one and the same person as was previously convicted of driving under the influence of liquor in the Wabash Circuit Court on March 5, 1954.

Appellant argues that the only testimony linking appellant with the driving of the car was the passenger of his car, Amick, whom he states was intoxicated and confused and that therefore his testimony is insufficient. Appellant admits he himself was intoxicated but says that another person, to-wit: Pete Campbell, whom appellant did not produce at the trial, was also an occupant of the car and was the sole driver of it, and that appellant's evidence in this respect is at least worthy of as much consideration as that of the state in establishing the corpus delicti.

Appellant's argument would be proper before the trial jury which had the duty of weighing and considering the testimony and determining the credibility of the various witnesses. However, the jury found against appellant, and the trial court overruled the motion for new trial. On appeal we do not weigh the evidence or determine its preponderance, but as is too well settled to require the citation of authority, in determining the question of the sufficiency of the evidence to sustain the verdict, we can only consider the evidence most favorable to appellee. The witness Amick testified for the most part without objection on the part of appellant, and we are unable to say that his testimony that appellant was driving appellant's car at the time in question was so devoid of probative value as to require us to upset the jury's verdict. His testimony and the other facts in evidence were clearly sufficient to support the conviction.

Appellant's contention that the evidence is insufficient to show he was previously convicted of the offense of driving under the influence of liquor ■ cannot prevail in the face of his stipulation to the contrary in open court.

Appellant has also contended the lower court erred in overruling his motion for a directed verdict, but the foregoing review of the state's evidence shows this argument to be without substance.

No error having been demonstrated, the judgment is affirmed.

Achor, C. J., and Arterburn, Jackson, Bobbitt, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 615.