WHITE *v.* STATE OF INDIANA.

[No. 30,116. Filed July 2, 1963.]

*William S. McMaster*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General and *Carl E. Van Dorn*, Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment in three counts with the crimes of kidnapping, rape and robbery of one Florence Maddox. Appellant entered a plea of not guilty to the three counts of the indictment, and the cause was submitted for trial to the court without the intervention of a jury. Said trial resulted in the conviction of the appellant on the charges of kidnapping and assault and battery with intent to commit rape. The court found the defendant not guilty of robbery as charged in count three of the indictment.

The judgment of the court was that appellant be sentenced to the Indiana Reformatory for life, as covered by count one of the indictment and the court sentenced the appellant to the Indiana Reformatory for a period of not less than one nor more than ten years as covered by the conviction under count two of the indictment.

Thereafter, appellant filed his motion for a new trial. The specifications on which he relies being:

" . . .

"2. The finding of the Court is contrary to law.

"3. The finding of the Court is not sustained by sufficient evidence."

Thereafter, appellant's motion for a new trial was overruled.

Appellant's assignment of errors relies upon the single ground, to-wit:

"1. The court erred in overruling appellant's motion for a new trial."

A brief summary of the evidence most favorable to the appellee is as follows: The prosecuting witness, Florence Maddox, aged 65, resided with her husband at 4706 Washington Boulevard, Indianapolis, Indiana. Mrs. Maddox testified that during the evening in question, on or about the 10th day of September, 1960, at and in the County of Marion, State of Indiana, she had been visiting her son and returned to her residence at approximately 10:30 p.m. She parked her automobile in the garage which was located approximately 30 feet from her residence. Access to the garage is by means of a driveway commencing on Washington Boulevard, and running along side the residence to the rear of the lot. Mrs. Maddox further testified that as she was leaving the garage "something hit me—I thought it was the garage door—and somebody grabbed me from behind and started choking me. He had one hand in my mouth and one hand at my throat strangling me." He ordered her not to make any outcry, and he dragged her to the north side of the garage and threw her to the ground. He took off her undergarment and started to undo his trousers. The witness then testified that after appellant had removed her undergarment and started to undo his trousers he was startled by a noise, pulled her up from the ground, and told her that she had to go with him. There was a four foot fence at the edge of the property and he told her to get over, and in some manner got her over the fence. He had her by the arm, running through the yard out on 47th

Street, where he forced her to get into his car. The witness testified that appellant's car was a maroon colored Buick. After getting in the front seat on the passengers side of appellant's automobile she had difficulty in closing the front door and appellant kept telling her to close the door. At this point in the testimony the witness identified the appellant as the person who had attacked her.

The witness then testified appellant warned her not to try to leave the car, and proceeded to drive to a point six or eight blocks from her home. Appellant drove half way up in an alley and stopped his automobile behind a garage. The garage had a light on its side and she got a very good look at him. At that time she begged him to leave her alone as she was an old woman, a grandmother, but she testified it did not seem to make any difference. The witness testified that the appellant had intercourse with her two, perhaps three times, and that the act was against her will. Thereafter, the witness proceeded to a home in the vicinity of 47th Street, made a complaint of the incident and the police were called.

At the trial evidence was introduced that in many respects corroborated the evidence of the prosecuting witness.

The appellant took the stand and testified in his own behalf, denying the commission of the crime and offered evidence of other witnesses to substantiate his version of the events of the evening.

The judgment of the court was that the defendant was guilty of the crimes charged in counts one and two of the indictment.

This court has held on numerous occasions that when this court must determine the sufficiency of the evi-

dence in the record of the trial court, it will consider only the evidence most favorable to the State. *Music* v. *State* (1959), 240 Ind. 54, 161 N. E. 2d 615.

This court has further held that on appeal of a kidnapping conviction, this court will not weigh the evidence, where the evidence is conflicting, *Brown* v. *State* (1953), 232 Ind. 227, 111 N. E. 2d 808; nor will this court determine the preponderance of the evidence. *Music* v. *State, supra.*

This court has previously held, "[i]t is only when the evidence is without conflict and leads to but one reasonable conclusion, and the verdict of the jury reaches a contrary conclusion, that the verdict will be disturbed as being contrary to law." *Bowens* v. *State* (1953), 231 Ind. 559, 563, 109 N. E. 2d 91.

The statute under which the appellant was charged, convicted, and sentenced is Acts 1905, ch. 169, §358, p. 584; 1929, ch. 154, §1, p. 477, being §10-2901, Burns' 1956 Replacement, which reads as follows:

> "Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried away from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnapping, and, on conviction, shall be imprisoned in the state prison during life."

To sustain a conviction under this statute it is necessary for the State to establish, by competent evidence, that appellant forcibly or fraudulently carried away the person named in the indictment from a place within the State with intent to do so, and not in pursuance of the laws of the State of Indiana

or of the United States. *Pond* v. *State* (1954), 233 Ind. 585, 588, 121 N. E. 2d 640; *Brown* v. *State* (1953), 232 Ind. 227, 111 N. E. 2d 808.

Appellant was charged with the crime of rape by count two of the indictment and was found guilty of the crime of assault and battery with intent to rape.

The statute under which he was sentenced, Acts 1959, ch. 121, §7, p. 321, being §10-401, Burns' 1963 Cum. Supp. reads as follows:

"Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony other than a felonious homicide, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years."

To sustain such a conviction, the State is only required to produce such evidence as will satisfy the trier of fact beyond a reasonable doubt that assault and battery was committed by the defendant with the felonious intent to rape. *Peachee* v. *State* (1939), 216 Ind. 42, 44, 22 N. E. 2d 979.

In view of the evidence adduced at the trial of this cause we are of the opinion that we would not be justified in substituting our judgment for that of the trier of facts, and that the judgment of the trial court should be affirmed.

It may be that the penalty provided by the kidnapping statute is too great in view of the factual situation as herein delineated, and that the legislature should give some thought to an amendment of that statute, but that is a function of the legislature, not of this court.

Judgment affirmed.

Myers, C. J., Achor and Landis, JJ., concur; Arterburn, J., concurs in result.

NOTE.—Reported in 191 N. E. 2d 486.