PACKWOOD ET AL. v. STATE OF INDIANA.

[No. 30,402. Filed November 6, 1963. Rehearing denied December 17, 1963.]

*Donald R. Bonsett,* of Scottsburg, for appellants.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellants were charged, tried to a jury, and convicted of the crime of kidnapping.

Appellants in their motion for new trial asserted and here argue that: (1) The verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law; (3) the denial of due process by permitting a recess of the trial for a period of 39 days; (4) failure of the trial judge to interrogate the jury as to whether they had been subjected to any improper influence during said period of 39 days, and (5) inadequacy of counsel.

We first consider the sufficiency of the evidence to sustain the verdict. Wallace Porter, the victim of kidnapping, was a police officer. On Sunday evening, February 16, 1961, he was sitting in a police car behind the Town Tavern in the town of Scottsburg. He observed the two appellants walking from the rear of the tavern carrying a quantity of beer. He suspected that the two men had been involved in an illegal Sunday sale of beer. On this suspicion he ordered the appellants to get into the police car, for the purpose of interrogating them.

As Porter began to record the license plate of the automobile driven by appellants, Fabel pulled a gun on Porter and held it against his head. Packwood then took Porter's gun and the two appellants ordered Porter into appellants' automobile at gun point. Appellant Fabel stated that they had "just robbed that place [Town Tavern] . . . and we can't get caught."

Appellant Packwood then went back to the police car and took all the papers from it. Porter was then driven into the country, a mile or so from Scottsburg, and returned to town, and then driven back into the country again. At all times appellant Fabel had his gun against Porter's head.

Appellants insist that the evidence does not prove them guilty of kidnapping, which offense requires that

the victim must have been forcibly or fraudulently carried someplace within the state, citing §10-2901, Burns' 1956 Replacement.

Appellants rely on the undisputed evidence that the appellants and the "victim" drank beer and smoked together and that Porter asked appellants to take him into the country and let him out. This, they contend, proves that Porter was, in fact, not taken from some place within the state by force, fear, or fraud, but that a taking, if any, was voluntary on his part.

However, this testimony must be considered, with other testimony in the case, to the effect that during all this time one or both of the appellants held a gun at Porter's head and debated whether to kill or release him, under threat of revenge upon Porter's life and that of his family should they release him and he turn them in. His comradery with appellants may have been a ruse on his part in an effort to gain his release. In any event appellants' actions could reasonably have been regarded by the jury as having deprived the officer of his freedom of will, so that whatever he did or said was not on a voluntary basis.

Upon information provided by Porter immediately after his release, the two appellants were apprehended that evening in the town of Chesterton.

There is no question as to the identification of the appellants and the property which they took from the Town Tavern, which included guns, watches, and other items other than the beer, which was found hidden between the grille and the radiator of their car.

The above evidence was sufficient to sustain the conviction. *White* v. *State* (1963), 244 Ind. 199, 191 N. E.

2d 486; *Music* v. *State* (1959), 240 Ind. 54, 161 N. E. 2d 615; *Brown* v. *State* (1952), 232 Ind. 227, 111 N. E. 2d 808.

Points 2, 3 and 4, here asserted as cause for reversal, involved the same factual circumstances and will be considered concurrently. These issues arose by reason of the fact that the trial commenced on June 1, 1961, and continued through June 2. On the following day counsel for appellants failed to appear, because of illness, and, that being Friday, the cause was continued until Monday, June 5. However, on that date it was learned that counsel for appellants was in the hospital and would be unable to continue the trial for several days.

Thereafter, because the circuit of the judge included two counties—Scott and Jennings—and because of the fact that the term of court in Jennings County began on June 12, it became necessary for the judge to postpone trial of the cause until July 10, in order that he might transact business in the other county, according to the term of that court.

During the interim period, newspaper articles appeared in local papers which described the case as "the police officer kidnapping case," and generally criticized both the defense counsel and the court for the delay and named the jurors and stated that they had been instructed not to discuss the case. Trial was resumed on July 10 [39 days], without any objection on the part of the defense counsel.

With regard to the 39-day delay in the trial, appellants assert:

First, that the delay *per se* constituted reversible error. However, appellants cite no authorities substantiat-

ing their position that the delay was in anywise prejudicial or a violation of their constitutional rights. Therefore, under Rule 2-17 (e) of this court any error upon this issue by the court must be considered to have been waived. *White* v. *State* (1958), 238 Ind. 498, 152 N. E. 2d 894; *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551.

Secondly, appellants complain that "the Trial Court . . . failed and refused to determine for itself whether said jurors after so long in absence had been in any way influenced . . . against the defendants by adverse news-paper, radio publicity or friends of the victim . . ." We find no merit in this contention. In the first place, we do not find that the publicity referred to by appellants was such as to prejudice the jury against the appellants. The facts in the case of *Irvin* v. *Dowd* (1961), 366 U. S. 717, 81A S. Ct. 1639, 6 L. Ed. 2d 751, are clearly distinguishable from those in the present case.

However, appellants cite no authority supporting their argument that it is the duty of the trial judge on its own motion to "determine for himself" whether the jury was prejudiced by newspaper reports on the case. In fact, the appellants did not, at any time, make any objection or file any motion asserting error due to the alleged prejudicial newspaper publicity. Neither was the judge asked to give an instruction, cautioning the jury to avoid any influence because of the alleged prejudicial publicity. Appellants' failure to preserve the issue in the trial court as to the alleged publicity, of which they now complain, must be considered waived and is not subject to consideration by this court for the first time on appeal. I. L. E. Appeals §97. It was appellants' burden to demonstrate

to the trial court that the articles were *in fact* prejudicial to their cause.

Finally, we consider appellants' argument that appellants should be granted a new trial, because of "inadequacy of counsel." In support of this contention, appellants rely solely upon the fact that they were not represented by counsel at the trial on the two specific occasions when the cause was continued because of the illness of counsel. However, on these occasions no proceedings were had other than the announcement that, because of the illness of counsel for appellants, the cause would be recessed until a future date.

Appellants assert that they were prejudiced by not having counsel on these occasions for the reason that counsel might have objected to the separation of the jury, and that "the jury cannot be permitted to separate over objection of the defendant." However, appellants cite no authority in support of this rule. In any event, the matter of the separation of the jury during trial is ordinarily discretionary with the court. Any error with respect thereto must rest upon an abuse of discretion by the trial court. 88 C. J. S. Trials §45, p. 113.

We do not presume to approve the practice of granting recesses of 39 days in the trial of criminal cases involving life imprisonment. Nevertheless, we do recognize the fact that trial courts must be granted wide discretion in the granting of recesses and continuances where the illness of the defense counsel may require such continuance. However, where, as in this case, appellants, themselves, agreed to the recess and their counsel, upon resumption of the trial, made no objection to such recess; and, further, where other counsel, employed for the purpose of appeal, raise

no question as to the competency of the trial counsel with respect to this issue, we conclude that, in the instant case, no error was presented as to the "inadequacy of counsel" which would warrant reversal of the judgment herein.

Judgment is, therefore, affirmed.

Myers, C. J., Arterburn & Landis, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 193 N. E. 2d 494.