CHARLES OTTO SCHUMANN *v.* STATE OF INDIANA.

[No. 2-1075A286. Filed March 2, 1977.]

*Marshall E. Williams,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

## CASE SUMMARY

LOWDERMILK, J.—This case was transferred from the Second District to this office in order to lessen the disparity in caseloads among the Districts.

Defendant-appellant Charles O. Schumann appeals from his conviction in a jury of sodomy[1] and assault and battery with intent to gratify sexual desires.[2]

We affirm.

## FACTS

On April 7, 1975, Schumann moved for an early trial, the trial court setting May 5, 1975, as the trial date.

The appellee State of Indiana's motion for continuance was filed and granted on April 30, 1975. The motion stated:

> "Comes now the State of Indiana by James F. Kelly, Prosecuting Attorney for the Nineteenth Judicial Circuit, by his deputy, and respectfully requests that the above-entitled cause be continued for the reason, to-wit: State's main witness is out of town.
>
> "WHEREFORE, the State of Indiana moves the Court for continuance." (Our emphasis)

After Schumann's motion for continuance was filed and denied on June 2, 1975, trial was commenced the next day.

## ISSUES

1. Whether the trial court erred in granting the State's motion for continuance.

---

1. IC 1971, 35-1-89-1 (Burns Code Ed.)
2. IC 1971, 35-1-54-4 (Burns Code Ed.)

2. Whether the trial court erred in denying Schumann's motion for continuance.

## DECISION

Issue One:

We note at the outset that the State's motion for continuance, *supra*, did not conform to the mandates of IC 1971, 35-1-26-2 (Burns Code Ed.), which provides in pertinent part:

*"Whenever the prosecuting attorney desires to obtain a postponement of the trial of a criminal cause on account of the absence of any witness whose name is indorsed on the indictment or information, such continuance shall be granted on his official statement in manner and form as specified in the proceeding section. . . .* Provided, however, That the prosecuting attorney shall make such statement for continuance at least five [5] days before the date set for trial, or shall sustain the burden of establishing to the satisfaction of the court that he is not at fault for failing to file such information at an earlier date." (Our emphasis)

IC 1971, 35-1-26-1 (Burns Code Ed.) requires that the court be favored with an affidavit showing: the name and residence of the absent witness—if known, the probability of procuring his testimony within a reasonable time, that his absence is not attributable to the State, the facts to which he will testify, that the State believes these facts to be true, and that the State cannot prove these facts by another available witness. See Ind. Rules of Procedure, Trial Rule 53.4.

The State provided the trial court with no such affidavit. Nor does the record reveal that the trial court was given the relevant information verbally—as in *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822.

However, Schumann did not preserve this error for appeal. He challenged the grant of the continuance to the State in the third specification of error of his motion to correct errors, which stated:

"The court erred in granting State's motion for continuance filed on April 30, 1975 *in that said continuance was not*

*timely filed and defendant was incarcerated at that time awaiting trial since May 30, 1974."* (Our emphasis)

Inasmuch as Schumann failed to specify in said motion the defect in the *form* of the State's motion, or the lack of a hearing on the State's motion, we cannot consider these matters on appeal. Ind. Rules of Procedure, Trial Rule 59 (G); *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227.

We will consider Schumann's contention that the State's motion was not timely filed. It was filed six days before the date set for trial and thus did not violate the proviso of IC 1971, 35-1-26-2, *supra.*

Schumann erroneously suggests that the 10-day filing limitation of Ind. Rules of Procedure, Criminal Rule 4(A) applied to the State's motion, *supra.* However, the filing limitation of CR. 4(A) applies only where the State must move for continuance because congestion of the court calendar prevents it from commencing trial against an incarcerated defendant within six months after the arrest or charging whichever comes later.

We therefore conclude that the State's motion was timely filed.

Issue Two:

Schumann also argues that the trial court erred in denying his motion for continuance, the ground for which was the illness of his trial counsel.

A trial court is accorded wide discretion in ruling on such a motion. *Packwood* v. *State* (1963), 244 Ind. 585, 193 N.E.2d 494. In order to show an abuse of the trial court's discretion the record must disclose that Schumann was prejudiced by the denial of his motion. *White* v. *State* (1975), 263 Ind. 302, 330 N.E.2d 84.

Schumann concedes in his appellant's brief that trial counsel appeared and defended, and that he cannot designate any prejudice to him.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 360 N.E.2d 277.