[Crim. No. 2140. Second Appellate District, Division One.—May 19, 1932.]

THE PEOPLE, Respondent, v. FRANCIS DASKAM, Appellant.

Morris Wolfman for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn and Siebert L. Sefton, Deputies Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted on two counts of an information charging the crime of robbery; count one stating an offense committed on the sixteenth day of April, 1931; and count two an offense committed on the seventh day of April, 1931. ▮ In each instance the fact of the robbery and identification of the defendant as the person who committed the crime were clearly and positively established by the testimony of the man who was robbed. There is no merit in the contention made by appellant that the evidence is insufficient to support the verdict.

▮ Appellant further contends that the court erred in refusing to give to the jury two instructions requested by him. The first of these proposed instructions relates to the rule requiring that the guilt of the defendant be established beyond a reasonable doubt. The other is an instruction stating in another form the same doctrine. In each instance the instruction was by the judge "refused except as given in other instructions". The jury was plainly instructed that the defendant in a criminal action is presumed to be innocent until the contrary is proved, and that where there is a reasonable doubt of his guilt he is entitled to an acquittal.

▮ Appellant complains that the court erred in refusing to instruct the jury that "the defendant in this case is entitled to the individual opinion of every member of the jury, and no member of this jury should vote for a conviction of the defendant because of the opinion of the other members of the jury as long as he himself has reasonable doubt as to the guilt of the defendant". Such an instruction is a statement of an obvious fact which may be classified as common knowledge, and which does not need to be fortified by an instruction that this is a requirement of the law. (*Beers* v. *California etc. Co.,* 87 Cal. App. 440, 466, 467 [262 Pac. 380].) While such an instruction is commonly given we do not think that the refusal to give it

furnishes in itself a sufficient ground for setting aside a verdict. Points 5 and 6 of appellant's brief relating to alleged misconduct of the judge and of the district attorney are not supported by the facts contained in the record.

The judgment and order are, and each of them is, affirmed.

Houser, J., and York, J., concurred.