## STATE OF SOUTH DAKOTA, Respondent, v. KELLER, Appellant.

### (250 N. W. 37.)

(File No. 7510. Opinion filed September 19, 1933.)

*Roscoe Satterlee,* of Mitchell, and *L. L. Lawson,* of Woonsocket, for Appellant.

*Walter Conway,* Attorney General, *F. D. Richards,* State's Attorney, of Woonsocket, and *Herman L. Bode,* Assistant Attorney General, for the State.

CAMPBELL, J. Defendant was informed against for grand larceny and upon trial was convicted. From the judgment and the denial of his application for a new trial, he has appealed.

Appellant at the proper time requested the following instruction: "The Court instructs the jury that if after the consideration of the whole case, any juror entertains a reasonable doubt of the defendant's guilt, it is the duty of such juror so entertaining such doubt, not to vote for a verdict of guilty, or be influenced in so voting for the single reason that a majority of the jury might be in favor of a verdict of guilty," and now predicates error upon the fact that said requested instruction was not given.

■ The state urges that the settled record fails to show any exception taken by the appellant at the time of the settlement of instructions to the court's refusal to give this requested instruction. It is true that no exception at that time appears in the record, but it is also true that the settled record shows that this particular request of appellant was indorsed by the trial judge, over his initials, with the word "given." It is admitted by all concerned that this proposed instruction was not in fact given to the jury. Whether the trial judge intended to give the instruction when the request was made and inadvertently neglected so to do, or whether he intended to refuse the request and inadvertently marked the instruction "given" when he meant to mark it "refused," is not clear. The trial judge has added the following statement to the settled record, relating to this point: "Ordered, that the settled record be amended to show that the Trial Court did not give to the jury defendant's requested instruction Number Two. The Court does not now distinctly recall why he marked the proposed instruction as 'Given' instead of marking it 'Refused' but he is certain he did not give this instruction to the jury. The Court has before him a carbon copy of the Court's instructions which went out to the jury at the conclusion of the trial and no such instruction is contained therein. The Court is inclined to the belief that the word 'Refused' should appear on the proposed instruction Number Two instead of the word 'Given.'" Just what actually happened is perhaps open to some speculation on the record, but in view of the fact that appellant at the time of the settlement of instructions could hardly be expected to except to the refusal of the trial judge to give an instruction which he indorsed as "given," and in view of the fact that error on the failure to give this instruction was clearly presented to the trial court by specification No. VI on motion for new trial, we are of the opinion that, under the somewhat unusual circumsances, appellant has a sufficient record to urge the point on this appeal.

■ We are of the opinion that the failure to instruct the jury as requested (the substance of such request not being elsewhere embraced in the instructions actually given to the jury) constitutes reversible error. State v. Wilcox, 48 S. D. 289, 204 N. W. 369; State v. Smith, 56 S. D. 238, 228 N. W. 240.

■ Other claims of error are urged by appellant, but they

go for the most part to matters which we deem very unlikely to arise in the event of a new trial, and, since our holding above disposes of the present appeal, we think the other points need not have our further consideration at this time.

The judgment and order appealed from are reversed.

RUDOLPH, P. J., and POLLEY and WARREN, JJ., concur.

ROBERTS, J. (dissenting). It cannot be denied that the proposed instruction contained a correct declaration of legal principles. But the trial court instructed the jury on the general doctrine of reasonable doubt, and the effect of the requested instruction would have been to caution each juror not to yield his doubt for the reason that a majority of the jury might be in favor of a verdict of guilty. This is within the universal knowledge of persons of ordinary intelligence, and it is not reversible error to refuse an instruction which merely directs the attention of the jury to a manifest truth apparent to a person of ordinary intelligence. 16 C. J. 963, 1028; People v. Daskam, 123 Cal. App. 545, 11 P. (2d) 670; State v. Blaine, 104 N. J. Law, 325, 140 A. 566; Wilder v. People, 86 Colo. 35, 278 P. 594, 65 A. L. R. 1260.