# Richmond

ROBERT C. KENT, JR. v. COMMONWEALTH.

January 16, 1936.

Present, All the Justices.

The opinion states the case.

*Edward T. Haynes,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General (Joseph L. Kelly, Jr.,* on the brief), for the Commonwealth.

Per Curiam.

Robert C. Kent, Jr., was indicted, tried, and convicted under section 4407 of the Code of Virginia, as amended by Acts 1934, chapter 338, for the kidnapping of one Mary J. Hastings, and sentenced to confinement in the penitentiary for thirteen years.

Section 4407 as amended reads as follows:

"Kidnapping, or threatening or attempting to kidnap, with intent to extort money; how punished.—If any person seize, take or secrete any other person with intent to extort money, or pecuniary benefit, he shall be punished with death, or within the discretion of the jury be confined in the penitentiary not less than eight nor more than twenty years. If any person threaten, or attempt, to seize, take or secrete any other person with intent to extort money, or pecuniary benefit, he shall be punished by confinement in the penitentiary for not less than one nor more than twenty years, or, in the discretion of the jury, by a fine of not more than five hundred dollars and a jail sentence of not more than twelve months."

The record shows that between eleven and twelve o'clock on the night of Sunday, August 24, 1934, the accused left Blue Ridge Springs, Virginia, in his automobile, for Washington, D. C., taking Mrs. Hastings with him. The following Wednesday morning, August 27, 1934, the body of Mrs. Hastings was found lying on the side of the highway near Stroudsburg, Pennsylvania. She had been shot through the head with a pistol, and had been dead several days.

It is contended by counsel for the accused that he cannot be convicted under the statute because the evidence fails to show that any force or restraint was used by the accused in taking Mrs. Hastings with him, or that there was any intent on the part of the accused to extort money or pecuniary benefit.

The evidence shows that Mrs. Hastings was pressing the accused for the payment of money he owed her, and

she was induced to accompany him to Washington on the occasion referred to upon the assurance that if she would do so he would obtain the money from a relative living there and pay her. The evidence also plainly shows that accused expected to obtain the possession of Blue Ridge Springs and otherwise benefit financially, if he could get Mrs. Hastings out of the way. That she was murdered soon after leaving Blue Ridge Springs in company with accused is beyond question.

After careful consideration of the record, we think the evidence shows that the accused took Mrs. Hastings with him under such circumstances as amount to fraud and coercion on his part, and for the purpose of pecuniary benefit, and the same is, therefore, sufficient to sustain a conviction under the statute. We have also given due consideration to the other assignments of error presented in the petition, and find nothing in them which we deem sufficiently prejudicial to the rights of the accused to justify us in reversing the judgment complained of, and the same is, therefore, affirmed.

*Affirmed.*