[No. 27066. Department One. June 17, 1938.]

THE STATE OF WASHINGTON, Respondent, v. MAURICE ANDRE, Appellant.[1]

[1]Reported in 80 P. (2d) 553.

J. T. *Trullinger* and *Wallace G. Mills*, for appellant.

*Smith Troy, John S. Lynch, Jr.*, and *E. A. Philbrick*, for respondent.

MAIN, J.—The defendant in this case was charged by information with the crime of kidnaping in the first degree. The trial resulted in a verdict of guilty, as charged, and a special finding against the death penalty. The defendant moved in arrest of judgment and, in the alternative, for a new trial, both of which motions were overruled, and from the judgment and sentence he appeals.

The facts essential to be stated are these: One Arlington C. Jones was the operator of a taxicab in the city of Olympia. During the evening of October 28, 1936, he was employed by the appellant to take him on two or three trips to designated places in the city. About two-thirty or three o'clock the following morning, or October 29th, the defendant again engaged Jones for the announced purpose of taking him to one of the hotels in the city. After he had driven about a block, the appellant climbed from the back seat of the cab into the front seat and put a small knife against Jones' neck and told him to keep on driving and that he wanted to go to Portland. Jones drove him towards Portland to a point about a mile south of Chehalis. At this time, he saw a chance to escape because a truck was approaching and he thought he might get help from the driver of that truck. As he approached the truck, Jones set the brakes on the taxi and came to a sudden stop. He opened the door and fell out on the pavement. The appellant jumped out on the other side and called to the driver of the truck, "This man is crazy." The truck driver, believing that it was a drunken brawl, did not interfere and moved on. The

appellant administered a beating to Jones and then he disappeared.

Jones was a cripple, in that he had a deformed back, and the appellant was a much more powerful man than he. The appellant was a fugitive from justice, and at the time he entered the cab and directed Jones to drive him to Portland, he was aware, or at least thought, that the officers were close upon his trail. Subsequently, the appellant was arrested, charged, and convicted, as above stated.

The question presented upon this appeal is whether the evidence offered by the state is sufficient to establish the crime of kidnaping in the first degree. That crime is defined in § 1, chapter 6, Laws of 1933, Ex. Ses., p. 8, Rem. Rev. Stat. (Sup.), § 2410-1 [P. C. § 8941-1], where it is provided that:

"Every person who shall wilfully,

"(1) Seize, confine or inveigle another with intent to cause him without authority of law to be secretly confined or imprisoned, or in any way held to service with the intent to extort or obtain money or reward for his release or disposition, shall be guilty of kidnaping in the first degree, and upon conviction thereof shall be punished by death or by imprisonment in the state penitentiary for life as the jury shall determine; . . ."

From this statute, it will be noticed that the crime of kidnaping in the first degree may be committed either by seizing, confining, or inveigling another with intent to cause him without authority of law to be "secretly confined or imprisoned," or with seizing, confining, or inveigling another to be "held to service." Following this is the statement, with intent to extort or obtain "money or reward" for the release or disposition of the subject of the kidnaping. The appellant construes the statute as meaning that the language, to extort or obtain "money or reward," relates to both methods in

which the crime may be committed. The state says that the correct construction is that the words "money or reward" do not relate to the first method of committing the crime, that of secretly confining or imprisoning the victim, but only refer to the second method, or that of being "held to service."

■ It will not be necessary here to determine whether the appellant or the state has the correct view of the statute. Without so deciding, it will be assumed that the construction contended for by the appellant is the correct one. The question, then, is reduced to whether Jones' forced driving of the appellant was such a benefit to the latter as comes within the meaning of the word "reward." Jones was confined in the automobile by the acts of the appellant, within the meaning of the statute. *People v. Hope,* 257 N. Y. 147, 177 N. E. 402; *Doss v. State,* 220 Ala. 30, 123 So. 231, 68 A. L. R. 712.

The legislature, by using after the word "money" the words "or reward," undoubtedly intended that the word "reward" was not used to mean the same thing as money or a thing in itself of pecuniary value. The statute should be given a reasonable construction in order to aid in the efficient enforcement of the law and promote the ends of justice.

In *People v. Hope,* 257 N. Y. 147, 177 N. E. 402, it is said:

"The statute must be given a reasonable construction in order to promote the efficient enforcement of the criminal law, to prevent crime and to promote the ends of justice. The object of the statute and of the common law on the subject was the same, to secure the personal liberty of citizens and to secure to them the assistance of the law necessary to release them from unlawful restraint. [Citing authorities.]"

In *Gooch v. United States,* 297 U. S. 124, 80 L. Ed. 522, 56 S.Ct. 395, an officer was unlawfully seized and

carried out of the state to prevent his making an arrest. The Federal kidnaping act, as amended, used the words "ransom or reward or otherwise." The word "otherwise" had not been in the act amended. Speaking with reference to the words "for ransom or reward," it was said:

"The original Act (1932) required that the transported person should be held 'for ransom or reward.' It did not undertake to define the words and nothing indicates an intent to limit their meaning to benefits of pecuniary value. Generally, reward implies something given in return for good or evil done or received."

Later in the opinion, it was said:

"Holding an officer to prevent the captor's arrest is something done with the expectation of benefit to the transgressor. So also is kidnaping with purpose to secure money. These benefits, while not the same, are similar in their general nature and the desire to secure either of them may lead to kidnaping. If the word reward, as commonly understood, is not itself broad enough to include benefits expected to follow the prevention of an arrest, they fall within the broad term, 'otherwise'."

It is true that, in the concluding sentence, the court says that, if the word "reward," as correctly understood, is not broad enough to include benefits expected to follow the prevention of an arrest, they fall within the broad term "otherwise." Notwithstanding this last statement, the argument in the opinion is to the effect that the word "reward" is broad enough to include within its meaning a benefit that will accrue to the transgressor by kidnaping an officer of the law to prevent him from making an arrest. If a benefit of that kind is included within the word "reward," it necessarily follows that the benefit which the appellant in this case would receive by forcing Jones to assist him

in his flight as a fugitive from justice would likewise be within the meaning of that term.

The judgment will be affirmed.

HOLCOMB, GERAGHTY, BEALS, and SIMPSON, JJ., concur.

