## UNITED STATES v. BAKER.
### No. 16605.

District Court, W. D. Missouri, W. D.
Feb. 7, 1947.

Sam O. Hargus, Asst. Dist. Atty., and Sam M. Wear, Dist. Atty., both of Kansas City, Mo., for plaintiff.

Harold L. Scott, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The question for decision is whether the material allegations of the indictment are so inconsistent, repugnant and contradictory as to be mutually destructive and require a dismissal of the indictment.

The indictment was returned under Section 408a, Title 18 U.S.C.A. The section is designed to punish one guilty of the transportation of a kidnapped person in interstate commerce where same is done for ransom or otherwise. The purpose and object of the transportation is but an incident of the kidnapping and the transportation of the person so kidnapped in inter-

state commerce. Whatever the motive of the accused, it is the purpose of the statute to punish for such kidnapping and transportation. Such motive or motives may be inconsistent, contradictory and confused, nevertheless, however inconsistent, repugnant or contradictory the motive or motives may be, yet, if there be a motive and if it appears that the kidnapping and transportation was accomplished for the purpose or purposes stated in the indictment, then a conviction may be warranted upon such proof.

In the case of United States v. Parker, 3 Cir., 103 F.2d 857, the words of the statute, "or otherwise," were construed as intending to include any object of a kidnapping which the perpetrator might consider of sufficient benefit to himself to induce him to undertake it and did not intend to restrict the prosecution to cases involving pecuniary benefit to the kidnapper. Other cases are to the same effect.

The motion to dismiss should be overruled and it will be so ordered.