# Staunton

## CLARENCE FRED KRUMMERT v. COMMONWEALTH OF VIRGINIA.

September 3, 1947.

Record No. 3253.

Present, All the Justices.

The opinion states the case.

*Robert L. Hicks*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *Henry T. Wickham, Special Assistant*, for the Commonwealth.

HOLT, C. J. delivered the opinion of the court.

Clarence Fred Krummert, defendant in the court below, was convicted of the statutory offense of kidnapping and there sentenced to be confined eight years in the State penitentiary. That sentence is now before us on a writ of error

This offense is charged to have been committed in the City of Richmond on September 3, 1946. His case came on to be tried on October 10, 1946, and on that date this order was entered:

### "INDICTMENT FOR KIDNAPPING.

"Commonwealth
    v.
"Clarence Fred Krummert

"The said defendants were this day led to the bar in the custody of the sergeant of this city and each being represented by counsel were arraigned and each plead not guilty to their respective indictment. And with the consent of the accused, given in person, and the concurrence of the court and the attorney for the Commonwealth, the court proceeded to hear and determine these cases jointly and without a jury. And having heard the evidence in each case doth continue each case generally and the said defendants are remanded to jail."

The testimony of Wilson H. Abernathy was introduced on behalf of the Commonwealth and heard in open court. It is all the evidence introduced for the prosecution and appears in narrative form in the record. It reads:

"That on the 3rd day of September, 1946, the witness and his sister, Miss Ruth Abernathy, Miss Stella Dennis and Robert Johnson, were riding along Cowardin avenue, near Lee Bridge, in the city of Richmond, Virginia, when they saw the defendant and Frank Valentine Famular standing on the corner waiting to catch a ride; that the accused inquired the way to Washington, D. C.; that the witness who was driving the automobile picked up Clarence Fred Krummert and Frank Valentine Famular and offered to take them to Chamberlayne avenue and Lombardy streets, where, they could more easily catch a ride to Washington, D. C., the witness said when they reached Chamberlayne avenue and Lombardy streets, he advised the defendant that he could best catch a ride there. As they were about to get out of the *witnesses* automobile a gun was stuck in the side of the witness, and the defendant ordered the two passengers Miss Stella Dennis and Mr. Robert Johnson to get out of the automobile, when they had gotten out of the automobile the defendant ordered him to drive on, telling the witness he had to drive them on north and ordered him to drive out the Washington highway in the direction of Ashland, Virginia, driving at a rapid rate of speed.

"When about ten miles from Richmond, Virginia, a State Traffic Officer began to pursue them and fired at the car of the witness, the driver was directed to drive in a zig zag way and while doing so, the officer shot the rear tire causing the car to stop and Krummert and Famular were apprehended and arrested."

No evidence was offered on behalf of the defendant. He was found guilty and sentenced. He moved that the sentence be set aside as contrary to the law and the evidence. His motion was overruled; he appealed for relief, and, as we have seen, was granted a writ of error.

The statue under which conviction was had was re-enacted by the General Assembly on March 29, 1934, Acts of Assembly, 1934, p. 523. It reappears in our Code as section 4407, and reads:

"Kidnapping, or threatening or attempting to kidnap, with intent to extort money; how punished.—If any person seize, take or secrete any other person with intent to extort money, or pecuniary benefit, he shall be punished with death, or within the discretion of the jury be confined in the penitentiary not less than eight nor more than twenty years. If any person threaten, or attempt, to seize, take or secrete any other person with intent to extort money, or pecuniary benefit, he shall be punished by confinement in the penitentiary for not less than one nor more than twenty years, or, in the discretion of the jury, by a fine of not more than five hundred dollars and a jail sentence of not more than twelve months."

In the construction of constitutional statutes, we follow when we can the purpose of the Legislature. Kidnapping at common law was a misdemeanor. When the Legislature made it a felony, its intent needs no elaboration. The language of the statue itself is helpful. Either one of two intents is criminal. The act may be "with intent to extort money, or pecuniary benefit." There may be an intent to extort money, or the offender may otherwise intend to benefit himself pecuniarily; either is sufficient.

Moreover, the caption or headline of the section, while accurately speaking, is not a part of it, it is valuable and indicative of legislative intent. *C.I.T. Corp.* v. *Guy*, 170 Va. 16, 195 S. E. 659.

Here kidnapping is the offense denounced. Intent to extort money is sufficient, but the statute goes beyond that. Intent to extort some "pecuniary benefit" is also enough. The appellant makes but one claim, and that is that he received no pecuniary benefit; in short, that no money passed or was demanded.

"By 'pecuniary benefit' is meant not only money, but everything that can be valued in money, * * *" *International,*

*etc., Ry. Co.* v. *McVey*, 99 Tex. 28, 87 S. W. 328; *El Paso Elec. Ry. Co.* v. *Benjamin* (Tex. Civ. App.), 202 S. W. 996; *Michigan Cent. Ry. Co.* v. *Vreeland*, 227 U. S. 59, 33 S. Ct. 192, 197, 57 L. Ed. 417, Ann. Cas. 1914C, 176; *State* v. *Andre*, 195 Wash. 221, 80 P. (2d) 553.

In *Kent v. Commonwealth*, 165 Va. 840, 183 S. E. 177, we reached the same conclusion. That was a kidnapping case and in the course of our opinion we said that Mrs. Hastings "was induced to accompany him to Washington on the occasion referred to upon the assurance that if she would do so he would obtain the money from a relative living there and pay her. The evidence also plainly shows that accused expected to obtain the possession of Blue Ridge Springs and otherwise benefit financially, if he could get Mrs. Hastings out of the way. That she was murdered soon after leaving Blue Ridge Springs in company with accused is beyond question."

We there held that the actual passing of money was not necessary but that otherwise a benefit financially was enough.

In this case this defendant sought free transportation to Washington. It costs money to ride from Richmond to Washington by public conveyance. Moreover, he took over Abernathy's automobile.

The reasons which we have assigned suffice, but we may say in passing that a case seldom comes before us with less merit. The accused might have been indicted and convicted for other offenses.

There is no error in the record. The judgment of the trial court is affirmed.

*Affirmed.*