STATE, Respondent v. STRAUSER, Appellant

(63 N. W.2d 345)

(File No. 9386. Opinion filed March 22, 1954)

**Ralph A. Dunham,** Atty. Gen., **E. D. Barron,** Asst. Atty. Gen., **John J. Heye,** State's Atty., Custer County, Custer, for Plaintiff and Respondent.

**Robert C. Bakewell, Jr.,** Custer, for Defendant and Appellant.

LEEDOM, J. Appellant was found guilty by a Custer County circuit court jury, of the crime of second degree kidnapping. Judgment was entered on the verdict sentencing him to life imprisonment. By appropriate assignments of error and forceful argument appellant here raises questions

concerning the sufficiency of the information, the propriety of giving and refusing certain instructions to the jury, and the sufficiency of the evidence to support the verdict. We find no prejudicial error in the record and affirm the judgment entered in the circuit court.

Appellant contends that the information is bad because, first, it contains no allegation that the purpose of the kidnapping was for ransom or reward, or any pecuniary consideration; and second, it contains no allegation that the kidnapping was for any other specified purpose. There is no merit in either contention.

The South Dakota statute against kidnapping, under which appellant was convicted, follows very closely the language of a Federal enactment making the transportation of kidnaped persons in interstate or foreign commerce a Federal offense. The Federal act, the so-called Lindberg law, Act of June 22, 1932, Ch. 271, 47 Stat. 326,[1] as first adopted made unlawful such transportation of "* * * any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward * * *." Thereafter it was amended, 48 Stat. 781, so that the words hereafter boldfaced were added to the original words of "ransom or reward" which limited the purpose of the kidnappings within the scope of the Federal act. As amended the act applied to transportation of persons kidnaped for "* * * ransom or reward **or otherwise, except, in the case of a minor, by a parent thereof** * * *." The Lindberg law, thus amended, was construed by the Supreme Court of the United States in Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 396, 80 L.Ed. 522. The only issue there before the Court was whether or not under the theory of ejusdem generis the words "ransom or reward" should import to the added words "or otherwise" "some pecuniary consideration or payment of something of value". In rejecting the theory the Court quoted a recommendation of the House Judiciary Committee relating to the amendment and the added words "or otherwise", stating in part "This will extend Federal

---

[1]. Now 18 U.S.C.A. § 1201.

jurisdiction under the act to persons who have been kidnaped and held, not only for reward, **but for any other reason,** except that a kidnapping by a parent of his child. is specifically exempted." (Boldface ours.) The Court also said that Congress evidently intended to prevent transportation of any person, restrained "in order that the captor might secure some benefit to himself." The uncertainty however, if any existed through the use of the language last quoted, as to whether or not it was the intention to restrict the operation of the Lindberg law to kidnapping committed for only limited purposes, has been cleared by subsequent cases in the Federal courts. Head v. United States, 10 Cir., 199 F.2d 337, holds that kidnapping for any purpose is within the purview of the Federal act as amended and expressly rejects the contention that an allegation of purpose is essential to a conviction. The court relies on the Gooch case and the legislative reports and recommendations therein set out. The Head case also holds that Chatwin v. United States, 326 U.S. 455, 66 S.Ct. 233, 90 L.Ed. 198, on which appellant here relies, is not authority for the proposition that an indictment must allege a purpose of benefit to the captor. In United States v. Parker, 3 Cir., 103 F.2d 857, 861, it is stated "* * * that Congress by the phrase 'or otherwise' intended to include any object of a kidnapping which the perpetrator might consider of sufficient benefit to himself to induce him to undertake it." This decision affirms the decision of the United States District Court reported in 19 F.Supp. 450, in which there is a comprehensive and able discussion of the background of kidnaping generally and the Lindberg law in particular. See also United States v. Baker, D.C., 71 F. Supp. 377.

 It was after Congress had adopted and amended the Lindberg law and after the Supreme Court had rendered the Gooch decision on the law as amended, that the South Dakota kidnaping statute was enacted. Inasmuch as the state law follows so closely the federal law, as previously stated and comparison discloses, there is a presumption that the legislature intended to enact a law with the meaning that the court had previously placed upon the statute that served as the pattern for the later enactment. Melby v. Anderson,

64 S.D. 249, 266 N.W. 135. We construe our statute as the Lindberg law was construed in the Gooch case and as the subsequent Federal cases above cited have since interpreted the Federal act and the language of the Supreme Court in the Gooch decision. This means that it is not necessary to allege that the kidnaping was for reward or ransom or for any other specific purpose. Apart from the presumption created by the interpretation of the Federal act prior to enactment of our statute, our construction is the reasonable construction of the statutory language. When the legislature made it unlawful to kidnap another person for "ransom, reward or otherwise" the word "otherwise" extends the prohibition of the statute to restraint in **any** case other than for ransom or reward. Such is the ordinary and usual meaning of "otherwise". Our statute was intended to and does outlaw kidnaping regardless of the purpose of the restraint and we are not persuaded by any of appellant's arguments to the contrary.

■ What we have said also rejects the contention that the trial court erred in instructing the jury that "* * * the holding by the defendant for any purpose is sufficient whether such purpose is known to you or not so long as such person is being held. * * * Such person might be held for spite, for immoral purposes, or for any reason whether reasonable to you or not. The gist of this phase of the case is the holding for some reason".

■ Appellant also attacks the information on this account: The information sets out all the statutory words of restraint disjuctively rather than conjunctively, connecting them with "or" rather than "and", i. e., it alleges that the appellant "* * * did knowingly and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, **or** carry away, and hold Ruby Pond * * *". It would have been permissible to plead the words of the statute conjunctively. State v. Jerke, 73 S.D. 64, 38 N.W.2d 874. Pleading in the disjunctive has been held fatally defective. 42 C.J.S., Indictments and Informations, § 101. But as stated by the text writer in the annotation appearing in 51 L.R.A., N.S., 133, 134, cases permitting use of the conjunctive "are not necessarily authority for the proposition that the use of the disjunctive would be improper, as a broad view of the cases cited in this note ap-

parently leads to the conclusion that the court might logically hold either form of allegation proper". The most substantial reason against disjunctive pleading relates to statutes where the use of either or any of two or more accusatory words creates uncertainty as to which of two or more offenses created by the one statute, is charged, and conviction had in event of conviction. Such circumstances are not present here as the statute under which appellant was found guilty relates to but one offense. Whether appellant seized, decoyed, or carried away Ruby Pond or used a means of restraint described by any other of the statutory words, he was guilty of second degree kidnaping only and no other offense; and so inasmuch as these words are thus convertible, that is synonymous in the sense that each alone could supplant any other as a sufficient means of restraint employed in the commission of the crime, the use of the disjunctive created no significant uncertainty.

SDC 34.3002 provides that no defect in matter of form renders an information insufficient, when it does not tend to prejudice the substantial rights of the defendant on the merits. While we do not give general approval to disjunctive pleading we hold pursuant to this statute that pleading the "or" rather than "and" in the case at bar does not constitute reversible error as appellant suffered no prejudice of his substantial rights therefrom and such use of the disjunctive in our opinion constituted at most a defect in form. Use of "or" rather than "and" left appellant neither less nor more certain of the charge against him; and use of "and" would have given him no additional practical benefit in the preparation of his defense.

█ Citing State v. Kellar, 61 S.D. 548, 250 N.W. 37, appellant contends the trial court erred in refusing to give this requested instruction:

> "The Court instructs the jury that if after a consideration of the whole case, any juror entertains a reasonable doubt of the defendant's guilt, it is the duty of such juror entertaining such doubt, not to vote for a verdict of guilty, or be influenced in so voting for the single reason that a majority of the jury might be in favor of a verdict of guilty".

In the case at bar however the court did instruct as follows:

> "In your deliberations you should be reasonable and fair; discuss the evidence with each other and listen fairly to each others' reasoning and viewpoints, and as honest jurors and sensible men and women, endeavor to agree upon a verdict in this case, remembering that each of you for himself and herself, must to his or her own satisfaction agree to any verdict you return."

The purpose of the instruction quoted above that the court refused to give is to impress upon each juror his individual responsibility. This court approved this form of instruction in State v. Wilcox, 48 S.D. 289, 204 N.W. 369. In the case of State v. Smith, 56 S.D. 238, 248, 228 N.W. 240, 244, it was said however,

> "This court did not hold, nor intend to hold, in the Wilcox Case, that the exact words of the instruction there referred to, refusal of which was held error, must be given in every case without change or amendment. It is the rule in this jurisdiction that it does not constitute prejudicial error to refuse a requested instruction, if the substance of the law embraced in the request is fully and fairly covered by the court elsewhere in the instructions."

We hold that the instruction which the court did give in this case which is set out above embraces the substance of the law of the requested instruction and that there was no error in denying the requested instruction. The situation was different in State v. Keller, 61 S.D. 548, 250 N.W. 37. There no instruction was given on the subject of each juror's personal responsibility. It appeared that the court had intended to give the instruction requested in the form of the Wilcox case and failed to give it through inadvertence.

■ Appellant's contention that the evidence is not sufficient to support the verdict is grounded wholly on the proposition that there was no evidence of kidnaping for either ransom or reward; and that evidence of the taking and holding for immoral sexual purposes, unaccomplished as claimed, will not sustain a conviction. The argument is

groundless in view of our discussion of the law in connection with the sufficiency of the information. We have indicated that any purpose sufficient to induce the perpetrator to commit the offense of kidnaping is all that is essential to a conviction under our statute. Evidence therefore of unlawful restraint for any purpose that prompts the holding is sufficient to support the guilty verdict.

We deem appellant's position on other questions raised quite clearly untenable.

The judgment of conviction entered on the verdict of the jury is affirmed.

RUDOLPH and SICKEL, JJ., concur.

SMITH, P. J., and ROBERTS, J., dissent.