[Crim. No. 17311. Second Dist., Div. Two. Aug. 19, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
STANLEY EUGENE HUNTER, Defendant and Appellant.

---

**COUNSEL**

Stanley Eugene Hunter, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

---

**OPINION**

**HERNDON, J.**—Motion to recall remittitur and for appointment of counsel.

Appellant was convicted of kidnaping (Pen. Code, § 207); oral copulation (Pen. Code, § 288a); and rape (Pen. Code, § 261, subd. 4). He was sentenced to state prison on all three counts, the sentences to run concurrently.

Relying upon *People* v. *Daniels,* 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225], and other decisions applying its doctrine, appellant contends that his kidnaping conviction was erroneous. This contention is plainly mistaken. As we pointed out in our opinion affirming the judgment of conviction, "The asportation of the victim in the instant case a distance of miles not only subjected her to a greater *risk* of harm than that which is normally incident to the crimes of rape and robbery but it subjected her to the *actuality* of greater harm in the form of five hours of confinement during which she suffered bestial attacks perpetrated by appellants and other men with the attendant mental and physical trauma which obviously requires no further emphasis."

We made essentially the same holding in the factually similar case of *People* v. *Shirley,* 10 Cal.App.3d 268 [88 Cal.Rptr. 853]. More recent decisions filed since the decisions of our Supreme Court in *People* v. *Mutch,* 4 Cal.3d 389 [93 Cal.Rptr. 721, 482 P.2d 633], and *People* v. *Timmons,*

4 Cal.3d 411 [93 Cal.Rptr. 736, 482 P.2d 648], are *People* v. *Stathos,* 17 Cal.App.3d 33 [94 Cal.Rptr. 482], and *People* v. *Mays,* 17 Cal.App.3d 641 [95 Cal.Rptr. 190]. These most recent decisions in cases involving very similar factual situations clearly demonstrate the correctness of the trial court's determination in the case at bench.

■ Appellant's claim of double punishment (Pen. Code, § 654) is equally unfounded. The despicable course of criminal conduct in which appellant and his codefendant engaged involved a series of divisible transactions and had multiple objectives—objectives entirely separate and apart from, and additional to, the objectives of the other two crimes of which they were convicted. (*In re Cruz,* 64 Cal.2d 178, 180-181 [49 Cal.Rptr. 289, 410 P.2d 825].) As we recited in our prior opinion:

"It is readily apparent from the foregoing summary that the evidence is more than sufficient to support findings that appellants forced their victim into their car and transported her a distance of approximately three miles, not only to accomplish their plans to rob and rape her, but also to subject her to a 'gang-style' series of assaults in which a number of other men participated and at least one of whom had agreed to pay appellants for making her available. Additionally it appears that appellants released their victim only after she had acceded to their demand that she work for them as a prostitute."

Other contentions advanced by appellant are too frivolous to merit discussion.

The motion is denied.

Roth, P. J., and Fleming, J., concurred.