STATE of Iowa, Appellant,

v.

Wayne Glenn KNUTSON, Appellee.

No. 55848.

Supreme Court of Iowa.

July 31, 1974.

Fredrick E. Breen, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., Stephen T. Moore, Asst. Atty. Gen., and J. Ramsey McKay, Hancock County Atty., for appellee.

Heard before before MOORE, C. J., and MASON, RAWLINGS, REES, and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves three problems which arose in connection with a triple charge against defendant Wayne · Glenn Knutson, age 18 at time of trial, of assault with intent to commit a felony, sodomy, and kidnaping for ransom.

The jury could find the facts to be as follows. After buying gasoline for her car, Vicki Lynn Sullivan drove north on a highway. A car behind her flashed its lights as if to stop her. She turned to the side, stopped, locked the doors, and rolled down the left window several inches. Defendant stopped behind her, walked to the side of her car, and tried to make her believe that the filling station attendant wanted to talk to her about giving her the wrong change. She placed her car in "drive," but defendant put his arm into the car, unlocked the door, and forced his way inside. Placing his arm around Miss Sullivan's neck and holding her so she could not get away, defendant drove to the next intersection and then about a half mile on a side road where he stopped. Miss Sullivan tried to get away. Defendant tried to kiss her, and he pulled up her brassiere and tried to grab her breast. They scuffled and she fought him off. He told her she would have to have sexual intercourse or oral copulation with him. She testified at trial, "I told him he would have to kill me in order to get what he wanted because I couldn't go through with anything. He kept repeating that I would be okay as long as I did what he said." Miss Sullivan resisted defendant; but he grabbed her neck and physically forced her to commit sodomy upon him. She struggled and pretended she was going to throw up or spit up. She asked to get out of the car to walk around. He let her out and she started to run, but he caught her and forced her back into the car. After some conversation, he let her drive back to his car, which he got into. Miss Sullivan locked her car and drove to a police station, where she reported the matter. The episode with defendant lasted about an hour.

The county attorney charged defendant with assault with intent to commit a felony, sodomy, and kidnaping for ransom. Defendant stood trial.

Pursuant to statute, after the November 1970 election the jury commission made up the jury list from the poll books at that election. At that time the minimum voting age was 21. By time of trial in July 1972, the voting age had been lowered to 18, but this jury contained no one under 21 since under statute a new jury list would not be made up until after the November 1972 election.

The jury found defendant guilty on all counts. A presentence report showed that defendant had a history of sex offenses back to age 14. The trial court sentenced defendant on each count, with the sentences to run concurrently. See State v. Sullivan, 215 N.W.2d 491 (Iowa). Defendant appealed. He has a different attorney now than at trial.

Defendant raises these questions in his appeal: (1) Did the absence of anyone under 21 on the jury list deprive defendant of due process of law? (2) Did defendant kidnap Miss Sullivan to secure "any money, property, or thing of value" for her release? (3) Did defendant's confining Miss Sullivan in connection with the aggravated assault and sodomy constitute kidnaping?

■ I. *A Representative Jury.* A defendant in a criminal prosecution is entitled to an impartial jury. Iowa Const. Art. I, § 10; U.S.Const. Amend. VI. This clause in the Sixth Amendment to the United States Constitution applies to the states through the Fourteenth Amendment. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. If systematic and intentional exclusion of an identifiable eligible group prevents a jury from being representative of the community, a defendant is denied his right to a proper jury. Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181.

The essential difference between this case and cases involving unrepresentative juries is that when this jury list was made up, no eligible group was excluded. At that time, persons under 21 were not eligible under Iowa law to serve as jurors. Subsequently persons 18 years of age and older became eligible. Code 1973, §§ 47.-4(2), 609.1(2). But until another general election was held, no way existed under Iowa statutes to list a person under 21, as no such person appeared in the 1970 poll books.

■ The question, then, is whether defendant was deprived of due process of law because of the time lag between the date persons aged at least 18 became eligible and the 1972 election, during which persons under 21 were not listed as jurors. We hold defendant was not so deprived. United States v. Gooding, 473 F.2d 425 (5 Cir.); United States v. Olson, 473 F.2d 686 (8 Cir.), cert. den. 412 U.S. 905, 93 S.Ct. 2291, 36 L.Ed.2d 970. See also Ham- ling v. United States, 94 S.Ct. 2887, 41 L.Ed.2d 590; Hopkins v. State, 19 Md.App. 414, 311 A.2d 483; Commonwealth v. Lussier, 305 N.E.2d 499 (Mass.).

II. *A Thing of Value?* Defendant contends his conviction of kidnaping for ransom cannot stand because no evidence was adduced that he intended to secure "any money, property, or thing of value".

■ The statutes in many states and in Iowa create two kidnaping crimes: ordinary and aggravated kidnaping. Code 1973, §§ 706.1, 706.3. For our inquiry the two types of kidnaping must be carefully distinguished. The first type involves only the forcible or secret confining of a person against his will, although the kidnaper may commit another crime on the person in the process such as rape or robbery. See State v. Leuth, 128 Iowa 189, 103 N.W. 345 (the defendant's original intent was only to rob the kidnaped persons, not to extract a ransom). But the second type involves the additional element of ransom—requiring a price for the release of the person, usually money. We are concerned here with the latter type and more specifically with the element of the price the alleged kidnaper levies for the release of the person.

Cases from other jurisdictions relating to this element must be considered with caution, as statutory language varies. The pertinent part of our statute, § 706.3, is as follows:

> Whoever kidnaps, takes, or carries away any person . . . for the purpose of or with the intention of receiving or securing from anyone any money, property, or thing of value as a ransom, reward or price for the return of the person . . . shall be deemed to be guilty of the crime of kidnaping for the purpose of ransom. . . .

The elements of this crime thus are (1) taking or carrying away a person (2) with intent to require from anyone (3) money, property, or a thing of value (4) for liber-

ating the person. Defendant makes his attack on element 3. Is he right as to that element—that as a matter of law, sexual gratification is not a price within the meaning of § 706.3? The trial court rejected defendant's contention.

■ The statutory language is "any money, property, or thing of value". The words "money" and "property" are inapplicable. Is obtaining sexual gratification a "thing of value"? We find little help in the prior decisions of this court. State v. Wallace, 259 Iowa 765, 145 N.W.2d 615; State v. Dewey, 155 Iowa 469, 136 N.W. 533; State v. Leuth, 128 Iowa 189, 103 N. W. 345. But a jurisdiction having statutory language very close to our own has held sexual satisfaction to be a thing of value. Phillips v. State, 267 P.2d 167, 170 (Okl. Cr.) (court held the information alleged "all the elements of the kidnapping and confinement for the purpose of having carnal knowledge with the Parris girl and thereby extorting *a thing of value* from her, her chastity and virtue"—italics added). See also Householder v. Ramey, 485 P.2d 247 (Okl.Cr.) (reaffirming rule). Another court has held that a "valuable thing" does not necessarily mean a thing of pecuniary value. Sweet v. State, 218 Ind. 182, 31 N.E.2d 993. While the words "money" and "property" precede the words "thing of value", the rule of ejusdem generis has been rejected in applying statutes of this kind. State v. Strauser, 75 S.D. 266, 63 N.W.2d 345; and see State v. Berry, 200 Wash. 495, 93 P.2d 782; State v. Sanders, 136 La. 1059, 68 So. 125. Decisions under differing statutes, but generally in accord with our belief that a "thing of value" includes carnal satisfaction, are Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522; De Herrera v. United States, 339 F.2d 587 (10 Cir.); Davidson v. United States, 312 F.2d 163 (8 Cir.); Dusky v. United States, 295 F.2d 743 (8 Cir.); Poindexter v. United States, 139 F.2d 158 (8 Cir.); State v. Burchett, 107 Ariz. 185, 484 P.2d 181; People v. Kristy, 4 Cal.2d 504, 50 P.2d 798; People v. Hunter, 19 Cal.App.3d 336, 97 Cal.Rptr. 29; People v. Mays, 17 Cal.App.3d 641, 95 Cal.Rptr. 190; Keith v. State, 120 Fla. 847, 163 So. 136; People v. Canale, 52 Ill. 2d 107, 285 N.E.2d 133; People v. Pardue, 6 Ill.App.3d 430, 286 N.E.2d 29; Wagner v. Commonwealth, 355 S.W.2d 151 (Ky.); Crum v. State, 131 Tex.Cr.R. 631, 101 S.W.2d 270; Futerll v. State, 501 P.2d 901 (Okl.Cr.); State v. Andre, 195 Wash. 221, 80 P.2d 553. Other decisions are collected in Annot. 43 A.L.R.3d 699, 709–712.

Apart from the authorities, we reach the same result on reason. Suppose a man abducts a woman at gunpoint and takes her to an abandoned farmstead a considerable distance away, where he holds her until she will submit to his sexual advances. After two days she buys her release by succumbing to ravishment. Under defendant's present contention, this woman has not given anything of value in exchange for her freedom. On principle, we simply cannot so hold as a matter of law. Rather, we hold a jury could reasonably find as a matter of fact that satisfaction of sexual demands constitutes a thing of value.

■ True, Miss Sullivan did not voluntarily satisfy defendant's demands, but that does not change the result. It is the defendant's imposition of a price for liberation that fulfills element 3, not payment of the price. State v. Leuth, 128 Iowa 189, 103 N.W. 345. The jury could find that defendant did impose a price here—sexual satisfaction. Moreover, he did get his price; he took it by main force. We approve the trial court's holding on this issue.

III. *Confining Person Incident to Another Crime.* Defendant advances the legal theory in this court that if a defendant abducts a person only incident to another crime, such as robbery, and the abduction is short-lived and involves a short distance and the person is not exposed to greater

hazard than robbery involves, the occurrence is really not within the scope of the kidnaping for ransom statute; the crime is really robbery. See People v. Daniels, 71 Cal.2d 1119, 80 Cal.Rptr. 897, 459 P.2d 225 (defendants convicted of kidnaping for robbery and one defendant also convicted of rape; in course of robbing and raping three women in their own homes, defendants forced them to move about their rooms for distances of 30 feet, 18 feet, and five or six feet, respectively; held, no kidnaping). The courts are not in agreement on the soundness of this legal theory. Annot. 43 A.L.R.3d 699. Moreover, we have the factual problem here as to whether only a short time and distance were involved and whether Miss Sullivan was exposed to increased hazard.

In any event, this theory was not presented to the trial court. Defendant's trial attorney moved the trial court to require the State to elect among the crimes charged but did not urge or explain the theory which defendant's appellate attorney advances, and the trial court's rulings demonstrate that it was not apprised of the theory. Defendant's present contention is not that the State must *elect* among the charges of aggravated assault, sodomy, or kidnaping. On the contrary, defendant presently contends that kidnaping is not in the case at all; only assault and sodomy are involved.

■ At trial, defendant also urged double jeopardy, but he does not now argue that doctrine. His present contention is simply that kidnaping did not occur because the abduction was merely incident to the aggravated assault and sodomy. Since defendant's present contention was not presented to the trial court, we do not consider it. State v. Davis, 261 Iowa 1351, 157 N.W.2d 907.

We conclude, therefore, that defendant's conviction should stand.

Affirmed.