COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


MARVIN D. DADE
                                    MEMORANDUM OPINION* BY
v.    Record No. 2042-02-1           JUDGE ROBERT P. FRANK
                                         JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Von L. Piersall, Jr., Judge

              Felipita Athanas (Public Defender Commission,
              on briefs), for appellant.

              Paul C. Galanides, Assistant Attorney General
              (Jerry W. Kilgore, Attorney General, on
              brief), for appellee.


     Marvin D. Dade (appellant) was convicted in a jury trial of

abduction with the intent to defile, in violation of Code

§ 18.2-48; animate object sexual penetration, in violation of Code

§ 18.2-67.2; and taking indecent liberties with a minor, in

violation of Code § 18.2-370.  On appeal, he challenges only the

abduction conviction, contending the abduction was incidental to

the animate object sexual penetration offense and not a separate

offense.  For the reasons stated, we affirm the conviction.


_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

KM, age 12, testified that on May 22, 2001 she was living in Portsmouth with her mother, two sisters, and appellant, who was her mother's boyfriend. On that evening, her mother left home for work. KM stayed at home with her sisters and appellant. Around 1:00 or 2:00 a.m., KM was in the bathroom and heard appellant calling to her to bring him water.

She went into her mother's bedroom, turned on the light, and saw appellant sitting on the bed. KM noticed a glass of water already sitting on the table. She mentioned the water to appellant and said, "I'm going back to bed."

At that point, appellant grabbed her by her left arm, and she fell on the bed. When asked why she did not run away when appellant grabbed her, KM responded, "He was too strong." After turning off the lights, he lay down on top of her and started pulling down her shorts and her panties. He then pulled his own pants down. She heard a zipper and "automatically knew he was taking off his pants." She then felt his hand in her "private parts." She testified it felt like a sharp fingernail. He took his finger out of her vagina and began touching his penis.

On cross-examination, KM testified she told the police that she woke up in her own bedroom and appellant was standing over her. She also told the police that appellant ejaculated on her, not the bedspread.

-

After the conclusion of the Commonwealth's case-in-chief, appellant moved to strike the evidence, arguing KM's testimony was inconsistent and not credible. After appellant presented his case, he failed to renew his motion to strike.

<u>ANALYSIS</u>

Appellant concedes he did not raise the issue of "incidental abduction" at trial. Therefore, we must determine whether the "ends of justice exception" to Rule 5A:18 applies.

> "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)); <u>see</u> <u>also</u> Rule 5A:18.

> However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting <u>Brown v. Commonwealth</u>, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." <u>Id.</u> at 221, 487 S.E.2d at 272 (citing <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

> In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth <u>failed</u> to prove an element of the offense . . . . The appellant must demonstrate that

-

> he or she was convicted for conduct that was
> not a criminal offense or the record must
> affirmatively prove that an element of the
> offense did not occur.
>
> Id. at 221-22, 487 S.E.2d at 272-73
> (emphasis in original).

Michaels v. Commonwealth, 32 Va. App. 601, 607-08, 529 S.E.2d

822, 825-26 (2000).

Appellant contends he did not abduct KM, since the

detention was not separate and apart from, but was merely

incidental to, the restraint employed in the indecent liberties

and object sexual penetration offenses.  Thus, he concludes, the

ends of justice exception in Rule 5A:18 applies, and we should

consider his sufficiency argument.  We disagree.

Appellant is correct in his general statement of the law.

> A defendant may be convicted of abduction in
> addition to "another crime involving
> restraint of the victim, both growing out of
> a continuing course of conduct, . . . only
> when the detention committed in the act of
> abduction is separate and apart from, and
> not merely incidental to, the restraint
> employed in the commission of the other
> crime."  Brown v. Commonwealth, 230 Va. 310,
> 314, 337 S.E.2d 711, 713-14 (1985).

Powell v. Commonwealth, 261 Va. 512, 540-41, 522 S.E.2d 344, 361

(2001).

Appellant cites Brown v. Commonwealth, 230 Va. 310, 337

S.E.2d 711 (1985), to support his position.  To the contrary,

the facts in Brown support the conviction.  In Brown, the

appellant entered victim's car, struck her, threatened her and

-

then drove to a secluded location, where the sexual assault took place. Id. at 312, 337 S.E.2d at 712. The Supreme Court found "the detention underlying the abduction conviction was not the kind of restraint that is inherent in the act of rape." Id. at 314, 337 S.E.2d at 714.

Appellant argues, "[t]he only evidence of restraint was that [appellant] laid [sic] on top of [KM]." Appellant ignores KM's testimony that appellant grabbed her as she tried to leave the room. Appellant also ignores the testimony that appellant tricked KM into leaving the bathroom and into entering his bedroom by asking for water. See Kent v. Commonwealth, 165 Va. 840, 183 S.E. 177 (1935) (defendant induced victim to accompany him in his car with the promise he would re-pay victim for an outstanding debt). Neither of these acts was "inherent in" the commission of object sexual penetration or indecent liberties. In fact, both the grabbing and the inducement occurred prior to these other crimes, which occurred on the bed. Clearly, the record includes evidence to support all the elements of the crime of abduction.

Appellant argues Reed v. Commonwealth, 6 Va. App. 65, 366 S.E.2d 274 (1988), allows this Court to apply the ends of justice exception to Rule 5A:18 in the case of sufficiency arguments. Although the Court did apply the exception and overturn Reed's conviction for trespassing, the facts in Reed are substantially different than the facts before this Court.

-

Reed argued he had not committed the crime because the uncontradicted evidence proved he believed he had a legitimate claim to remain on the property.  Id. at 69-70, 366 S.E.2d at 277.  In other words, the evidence affirmatively proved an element of the crime, intent, did not exist.  Here, appellant does not argue no detention of the victim occurred, only that the detention was incidental to another crime.  Appellant admits abduction is an "inherent element" in at least one of the sexual abuse charges.  He does not contend, nor do we find, that an element of abduction was disproved by the evidence.  Instead, he contends the detention was insufficient to rise to a level the element inherent in a sexual assault.  This argument clearly does not parallel the analysis in Reed.

Essentially, appellant argues sufficiency on appeal.  Thus, we conclude no manifest injustice occurred.

We affirm the judgment of the trial court.

Affirmed.

-