COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


CARLOS GONZALEZ-TENAS

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 2064-04-4                 JUDGE RUDOLPH BUMGARDNER, III
                                                   NOVEMBER 1, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

Daniel T. Lopez (Lopez, Meleen & Sprano, PLC, on brief), for
appellant.

Josephine F. Walen, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


        Carlos Gonzalez-Tenas was convicted of six counts of causing malicious bodily injury by

means of a caustic substance, four counts of abduction with the intent to extort money, two

counts of robbery, one count of statutory burglary, and seven counts of use of a firearm in the

commission of a felony.  He appeals the abduction convictions arguing the evidence was

insufficient to prove he abducted with intent to extort a pecuniary benefit.  He appeals the related

convictions of use of a firearm in the commission of a felony.  Finding no error, we affirm.

        Jose and Danya Blacutt were sitting down to dinner with their family when three men

entered the residence and announced a robbery.  The defendant had a handgun; one accomplice

had a rifle; the other had a knife.  The defendant pointed his gun at Jose Blacutt, sprayed him

with pepper spray, struck him, and bound and gagged him with duct tape.  The robbers also

sprayed Danya Blacutt and bound her.  The couple's four children, two sets of twins, aged eight

─────────────────
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and eleven, were in the house. The robbers sprayed them, ordered them under the kitchen table, and kicked them. The robbers then moved the children to the bathroom, sprayed them again, and shut the door. The children were screaming and crying and were too scared to come out.

The robbers demanded to know where the Blacutts kept their money and jewelry. That evening, Jose Blacutt brought home approximately $40,000 in cash receipts because his store had been recently vandalized. He locked the money in a briefcase and left it in his pickup truck. Jose testified he "didn't want to give him the money, but after hearing everything . . . I told him where the money was." He gave the robbers the key to the truck and unlocked the briefcase for them. The robbers took the cash, as well as jewelry.

At trial, the defendant denied committing the robbery, knowing the Blacutts, or ever having been in their home. However, he could provide no explanation for the presence of his DNA on their carpet.

The trial court denied the defendant's motion to strike the evidence of abduction finding it reasonable to infer that he abducted the children "with the intent to extort benefit from others in the house." The trial judge explained his finding: the children were "physically restrained and detained in two separate locations within the confines of this residence for a substantial period. In my view, the evidence on that comes to the conclusion that that was done with the intent to extort money or property from their parents."

Code § 18.2-48(1) punishes abduction "with the intent to extort money or pecuniary benefit" as a Class 2 felony. "The statutory element is the *intent* to extort money or obtain a pecuniary benefit." Barnes v. Commonwealth, 234 Va. 130, 137, 360 S.E.2d 196, 201 (1987). The requisite intent "may be an intent to extort money, or the offender may otherwise intend to benefit himself pecuniarily; either is sufficient." Krummert v. Commonwealth, 186 Va. 581,

584, 43 S.E.2d 831, 832 (1947) (construing similar language in kidnapping statute).[1] The term "pecuniary benefit," an ordinary, everyday word whose meaning is plain, Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991), includes "'everything that can be valued in money,'" Krummert, 186 Va. at 584, 43 S.E.2d at 832 (citation omitted).

In Krummert, the defendant was convicted of kidnapping with the intent to extort money or for pecuniary benefit. He ordered a driver, who was voluntarily giving him a ride, to take him further north by sticking a gun in his side. The defendant appealed his conviction on the ground that he received no pecuniary benefit, e.g., he neither received nor demanded any money. In upholding his conviction, the Supreme Court held that the defendant benefited financially from the free transportation which otherwise would have cost him money. Id. at 585, 43 S.E.2d at 833. See Rollin M. Perkins, Perkins on Criminal Law ch. 2, Sec. 7, at 180-81 (2d ed. 1969).

In Cortner v. Commonwealth, 222 Va. 557, 281 S.E.2d 908 (1981), the defendant was convicted of two counts of robbery, one count of abduction for pecuniary benefit, and use of a firearm in the commission of a felony. Police responded to a silent alarm during the robbery and surrounded the building. In an effort to escape, the defendant used a hostage as a shield to avoid police gunfire. The Supreme Court ruled that his conduct enabled him to safely flee the scene with stolen money and drugs and sufficiently proved he abducted for pecuniary benefit. Id. at 561, 281 S.E.2d at 910. See also Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152-53 (1994) (abduction "committed for the purpose of avoiding an arrest for robbery" is committed for pecuniary benefit).

In Barnes, a store employee was sweeping the parking lot in preparation of the store's closing. The defendant pushed a gun against the employee's side and ordered him to enter the

---

[1] In Virginia, kidnapping and abduction are synonymous. John L. Costello, Virginia Criminal Law and Procedure § 7.1, at 119 (3d ed. 2002).

store as if nothing happened. The owner opened the locked door for the employee, and the defendant pushed his way in. Though he admitted he intended to rob, the defendant challenged the sufficiency of the evidence proving he abducted the employee for pecuniary benefit. The Supreme Court held, "abducting a person as a means of gaining access to the scene or otherwise facilitating the commission of an intended robbery likewise violates the [abduction] statute." 234 Va. at 137, 360 S.E.2d at 201.

The Supreme Court has consistently interpreted the requisite intent for abduction broadly. "The requisite intent can be found where the object of the abduction is to obtain cancellation of a debt, to collect or aid another in collecting a debt, to escape with stolen money and drugs, or even to obtain a free ride." Roger D. Groot, Criminal Offenses and Defenses in Virginia Abduction § 8, 9 (2005) (footnotes omitted). An accused is guilty if he assists either "the unlawful seizure," "the secret confinement," or "the extortion of the ransom" or reward. Perkins, supra at 180.

"Intent may be, and most often is, proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts." Viney v. Commonwealth, 269 Va. 296, 301, 609 S.E.2d 26, 29 (2005).

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citation omitted). The fact finder "determine[s] the inferences to be drawn from proved facts, provided the inferences are reasonably related to those facts." Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 568 (1976).

In this case, the defendant and his accomplices burst into the Blacutts' home and announced their intent to rob. The couple's four young children were there with their parents. The children were sprayed with pepper spray, forced under the kitchen table, and kicked. They were then moved to the bathroom and again sprayed. Hearing his children screaming and crying, the father divulged the location of his substantial amount of cash and then helped the robbers retrieve it.

"[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence permitted a finding beyond a reasonable doubt that the defendant abducted the children either with the intent to facilitate a successful consummation of the robbery or to minimize their interference with the robbery and the getaway. Barnes, 234 Va. at 137, 360 S.E.2d at 201. Accordingly, we affirm the abduction convictions and the related firearm convictions.

Affirmed.