WALLACE v. STATE OF INDIANA.

[No. 30,726. Filed April 5, 1966. Rehearing denied May 16, 1966.]

Lewis Davis, of Indianapolis, for appellant.

John J. Dillon, Attorney General, and Frederick J. Graf, Deputy Attorney General, for appellee.

RAKESTRAW, J.—Appellant was charged by affidavit with the commission of a robbery while armed. After a trial by jury, the appellant was found guilty and sentenced to a term of 10 years in the Indiana Reformatory. On appeal, he assigns as error the overruling of his motion for a new trial. The only specifications of the motion for a new trial are that the verdict of the jury was not sustained by sufficient evidence and that it was contrary to law.

In its brief, the appellee maintains that the appellant has failed to sustain his burden of pointing out in his arguments specific errors or inadequacy as to evidence. It is true that the appellant's argument is not greatly detailed and not many specific questions are raised. However, as pointed out by the appellant in his reply brief, the case was tried and appealed by pauper counsel. From the record it appears that a good faith effort was made to present whatever questions are available on appeal.

Certainly the duty of counsel goes no farther than to present for the court's consideration those legitimate issues which can be raised consistent with the exercise of good professional judgment. In all cases, counsel are bound by the fact situation and evidence as they find it. We are of the opinion that a good faith effort was made to comply with the rules of this court in the trial and appeal of this cause, and will therefore proceed to consider the case on the merits as presented.

The evidence most favorable to the state indicates that the 23rd Street Regal Market was robbed about 7:30 p.m. on December 13, 1963, by two men, one of whom had a shotgun. The owner of the market was unable to identify the appellant, but identified the other person allegedly involved in the

robbery. During the robbery, the appellant apparently stood by the front door as a lookout. An automobile was abandoned near the scene of the robbery, and upon investigation it was discovered that the automobile would not start, and that apparently had been the reason for the abandonment. The ownership of the automobile was traced to an acquaintance of the appellant and his companion.

Immediately after the robbery, the appellant and his companion, one Harrison, went to Louisville, Kentucky. They were arrested in Louisville on a warrant for the commission of this robbery.

While the appellant was being driven back to Indianapolis, he talked to police officers, and gave them details of the securing of the automobile, the securing of a shotgun, the robbery itself, the flight to Louisville, Kentucky, and the division and disposition of the proceeds of the robbery.

On the trial, the appellant testified and denied being involved in the robbery. There was additional testimony from his wife and a neighbor which tended to suggest an alibi, though it was rather indefinite in detail and there was no answer of alibi in the case. It is of course well settled that it is not the duty of this court to weigh the evidence. We must for purposes of review accept as true the evidence most favorable to the verdict below. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Music* v. *State* (1959), 240 Ind. 54, 161 N. E. 2d 615; *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205.

Taking such evidence, it is clear that there was sufficient evidence to justify a finding of guilty.

The judgment of the trial court is therefore affirmed.

Myers, C. J. and Arterburn, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 354.